[No. 13288.   Department Two.   June 9, 1916.]

G. A. DICKIE *et al.*, *Appellants*, v. THE CITY OF CENTRALIA, *Respondent.*[1]

MUNICIPAL CORPORATIONS—CLAIMS FOR DAMAGES—TIME FOR FILING. A claim for damages against the city alleging injuries on Dec. 14, 1913, received by reason of typhoid germs in the city water, which injuries "are still accruing and have been continuously accruing since the date aforesaid," filed on April 4th following, is too late, not having been filed within thirty days after the time when the claim accrued, as required by Rem. & Bal. Code, § 7998; filing within the thirty days not being excused by the allegations of continuously receiving additional injuries.

SAME—CLAIMS FOR DAMAGES—NATURE OF CLAIMS. Although the city's negligence occurred in business rather than in a governmental function, a claim for damages through typhoid germs in the city water must be filed within thirty days, under Rem. & Bal. Code, § 7998, requiring all claims for damages to be so filed.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered November 23, 1914, upon sustaining a demurrer to the complaint, dismissing an action in tort.   Affirmed.

*Albers & Allen*, for appellants.

*W. N. Beal* and *Wm. R. Lee*, for respondent.

BAUSMAN, J.—This case comes to us upon demurrer sustained to an amended complaint, which alleged that Centralia had let its water system become polluted by typhoid germs,

[1]Reported in 157 Pac. 1084.

with the result that the plaintiff wife imbibed that disease. What expressly determined the demurrer was plaintiff's failure to file a claim with the city in the thirty days required by Rem. & Bal. Code, § 7998 (P. C. 77 § 57). That section expressly forbids the payment of any claims not seasonably presented, that is, "within thirty days after the time when such claim for damages accrued . . . All such claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury and state the time when the same occurred."

The allegations of the complaint, as particularized by reference to a claim which plaintiffs did file, were:

"That on the 14th day of December, 1913 . . . Sarah A. Dickie . . . received an injury and is continuously receiving injuries by reason of being poisoned by typhoid germs through the water furnished the said Sarah A. Dickie by the city of Centralia through its water system. That the said injuries are still accruing and have been continuously accruing since the date aforesaid, . . ."

This claim was not filed until April 4, 1914.

Plaintiffs thus fixed the date of the injury and time began to run against them. They are not relieved by the additional allegations of continuously receiving additional injuries. No statute has ever excused the filing of the claim and the filing of it within the thirty days. The statute of 1915 (Laws 1915, p. 421), merely allows the incapacitated to comply with the time provision through others. It did not see fit to modify or repeal it, but only to afford such persons opportunity in that way. This was after we had frequently had occasion to pronounce the filing of the claim a condition precedent absolute in all conditions of the injured to protect municipalities against belated or pretended claims. *Haynes v. Seattle*, 83 Wash. 51, 145 Pac. 73. Thus it is to no purpose to allege here, as was done, that Mrs. Dickie was all the while incapacitated. Others must file the claim for her. This her husband did, but did much too late

and not within the saving clause of the 1915 statute as to prior filings through third persons, since these had to be "within the time." Plaintiffs accordingly cannot enjoy the ruling made on rehearing in *Haynes v. Seattle*, 87 Wash. 375, 151 Pac. 789. Nor do plaintiffs state when they got knowledge of her having the disease or knowledge of its source. The demurrer was properly sustained. *Ransom v. South Bend*, 76 Wash. 396, 136 Pac. 365. It is for the legislature to say how far it can safely relax this regulation.

Plaintiffs argue, however, that these authorities do not apply in the present instance because the city's negligence occurred in a function neither political nor governmental, but of a business description. But this statute is general as to all claims for "damages." We see no reason for any distinction between the damages it may incur from the two sorts of activity and, at all events, it is not for this court to make one. It has been rejected in a recent case in another jurisdiction. *Frasch v. City of New Ulm*, 130 Minn. 41, 153 N. W. 121.

Judgment affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.