[No. 18995.  Department Two.  May 8, 1925.]

LOUISE SHEER et al., Appellants, v. THE CITY OF
EVERETT, Respondent.[1]

MUNICIPAL CORPORATIONS (565)—CLAIMS FOR DAMAGES—NATURE
OF CLAIM—TIME FOR FILING. A city charter requiring all claims for
damages against the city to be presented within thirty days applies
to a claim for illness contracted in the use of polluted city water,
whether the action was in tort or breach of contract, or whether the
operation of water works was a business or governmental function.

SAME (568)—FAILURE TO FILE CLAIM—EXCUSES FOR DELAY. It is
not a valid excuse for failure to file a claim against a city for dam-
ages within thirty days that plaintiff did not know in time that her
illness was due to the pollution of the city water, or of the negli-
gent acts of the city, and that the city had knowingly concealed
from her its negligence.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered April 5, 1924,
upon sustaining a demurrer to the complaint, dismiss-
ing an action in tort.  Affirmed.

*Stiger & Kaune,* for appellants.

*O. Duncan Anderson* and *J. W. Dootson,* for respond-
ent.

MITCHELL, J.—This is an appeal from a judgment
dismissing the action, plaintiffs refusing to plead
further upon the court's sustaining a demurrer to the
amended complaint.

In the amended complaint it is alleged that the re-
spondent, city of Everett, negligently permitted the
water in its municipally owned system of waterworks
to become polluted and contaminated and, as such, dis-
tributed to and used by the inhabitants of the city, in-
cluding Louise Sheer, who, for a consideration paid to

[1]Reported in 235 Pac. 789.

the city, was a user of the water; that she used the water during the month of July, 1923, and as a result thereof contracted typhoid fever on or about July 28, 1923, because of which she necessarily incurred certain expenses and endured much pain and suffering, stating the amounts in which she claimed to have been damaged thereby; that such conditions were known to the officers and employees of the city, or, in the exercise of reasonable care, ought to have been known to them; that on October 16, 1923, she presented and filed with the city a duly verified claim for damages, which the city refused or failed to allow or pay.

The sole contention of the city is that the claim was not filed in time. It was upon this theory that the demurrer was sustained. Upon this point § 145 of the charter of the city provides:

"All persons having claims for damages for personal injuries or for injuries to personal property sustained by reason of alleged negligence or any act of the city or any officer, agent, servant or employee of the city must present such claim to the council within thirty days after such injury or damage."

The language of the ordinance is comprehensive. It includes damages for personal injuries sustained by reason of the alleged negligence or any act of the city or any officer, agent, servant or employee of the city. But counsel for appellants contend that a city in operating a system of waterworks engages in a purely business enterprise as distinguished from its political and governmental functions, and that with reference to such business enterprise it may not, "of its own volition," impose any condition precedent to the bringing of an action against it based on the negligence of its officers or employees while engaged in the operation of that business. They cite the Nebraska case of

*Henry v. Lincoln,* 93 Neb. 331, 140 N. W. 664, 50 L. R. A. (N. S.) 174. That was a case of master and servant. The plaintiff was injured while engaged in the line of his employment in the operation of the water system owned by the city, and whatever may be the reasons given in the opinion in that case, the result was the same as our holdings in *Giuricevic v. Tacoma,* 57 Wash. 329, 106 Pac. 908, 28 L. R. A. (N. S.) 533, and *Wolpers v. Spokane,* 66 Wash. 633, 120 Pac. 113. These two cases are referred to in *Johnson v. Endicott,* 123 Wash. 1, 211 Pac. 717, wherein we said:

"In referring to these two cases, the court, in *International Contract Co. v. Seattle,* 69 Wash. 390, 125 Pac. 152, says: 'These cases go no further, as is said in the *Wolpers* case, than to hold that the charter provision will not be held to apply where the relation of master and servant exists.' "

Mrs. Sheer bore no such relation to the city of Everett. The rule applicable in her case was stated in *Dickie v. Centralia,* 91 Wash. 467, 157 Pac. 1084, which fell under a general statute, comprehensive like the provision in the charter of Everett, which provided that all claims for damages against any city or town of the second, third or fourth classes must be presented and filed within thirty days, etc. In the opinion in that case it was said:

"Plaintiffs argue, however, that these authorities do not apply in the present instance because the city's negligence occurred in a function neither political nor governmental, but of a business description. But this statute is general as to all claims for 'damages.' We see no reason for any distinction between the damages it may incur from the two sorts of activity and, at all events, it is not for this court to make one. It has been rejected in a recent case in another jurisdiction. *Frasch v. City of New Ulm,* 130 Minn. 41, 153 N. W. 121."

In the Minnesota case cited, which was not a case of master and servant, the same argument was made, of which that court said:

"It is as important that the head or administrative body of a city have notice of claim for negligent injury or damage caused by something connected with its water system as if the injury arose out of some negligent defect in its streets."

Notwithstanding the allegation that appellant's injuries were caused by the negligence of the city in permitting the water to become polluted, it is suggested by counsel that "while this case may take on some of the attributes of a tort action, it does in fact arise out of a breach of contract between appellants and respondent," and therefrom it is argued that the statute requiring the presentation of a claim for damages does not apply. If counsel is right as to the kind of action this is, though we do not so decide, it is immaterial, because in *Johnson v. Endicott, supra,* we held that the law requiring claims to be presented before suit applies to causes of action for breach of contract. In this case the claim was not presented within thirty days after the injury or damage was sustained.

By way of excuse for not filing a claim within thirty days, it is alleged in the amended complaint, first, that the appellants did not learn of the source or cause of the illness until about October 1, 1923; second, that they did not learn of the negligent acts and omissions of respondent until about October 1, 1923; and third, that the respondent knowingly and purposely concealed from the appellants its negligent acts and omissions.

In the case of *Benson v. Seattle,* 78 Wash. 541, 139 Pac. 501, we held that the statute in question is mandatory and that the lack of knowledge on the part of the claimant, under such circumstances as exist in the

present case, is not sufficient to excuse the enforcement of the law. In *Dickie v. Centralia, supra,* we said:

"No statute has ever excused the filing of the claim and the filing of it within the thirty days."

As to the allegation that the city purposely concealed its negligent acts and omissions from the appellants, this is not alleged as a cause of action in fraud, but, like the other two excuses already referred to, it is set up only as an excuse for not complying with the mandatory provisions of the law requiring something to be done before bringing an action the gravamen of which is negligence causing personal injury to the claimant. It is so alleged in paragraph 9 of the amended complaint, and it is so argued in appellants' brief, wherein, upon referring to these three excuses, they say: "Paragraph 9 of the amended complaint alleges facts which in any event excuse the delay in filing the claim." The statute does not allow any such excuse for the filing of a claim within the thirty days, and of course we must respect the statute and refuse to read into it what the legislature has not seen fit to incorporate in it.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.