## BORSKI *v.* CITY OF WAKEFIELD.

1. PLEADING—AMENDMENTS—ABUSE OF DISCRETION.

    Where an action against a city for personal injuries received by plaintiff while a passenger in a bus operated by the city for hire had been once tried, and, on the opening day of the new trial, its attorneys announced they had decided not to ask for leave to amend the plea by adding notice of the defense of *ultra vires*, but, after the jury had been selected and sworn, they changed their minds and made application therefor, it was not seasonably made, and its denial by the trial court was not an abuse of discretion.

2. MUNICIPAL CORPORATIONS — CITY CHARTER — NOTICE OF INJURY NOT REQUIRED WHERE CITY ENGAGED IN PRIVATE ENTERPRISE.

    A provision of a city charter requiring that notice be given and claim made on account of any injuries or damages to person or property before action therefor may be commenced against the city applies only when it is charged with some corporate duty or performing a governmental function, and has no application to an action for personal injuries caused to a passenger in a bus operated by the city for hire, since it is governed by the same rules which control a private individual or business corporation under like circumstances.

3. CARRIERS—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

    In an action against a city for personal injuries received by plaintiff while a passenger in a bus operated by the city for hire, whether, at the time of the accident, the driver was exercising that degree of care required of a common carrier of passengers, *held*, under the facts of the case, a question for the jury.

4. DAMAGES—EXCESSIVE VERDICT.

    A verdict for $15,254.32 for personal injuries cannot be said to be excessive where the evidence showed that plaintiff was 35 years of age; that he was earning $5.25 a day before the accident; that he was strong and healthy

---

[1]Appeal and Error, 4 C. J. § 2757; Pleading, 31 Cyc. p. 406; [2]Municipal Corporations, 43 C. J. § 1958; 50 L. R. A. (N. S.) 174; 19 R. C. L. 1042; [3]Carriers, 10 C. J. §§ 1456, 1465; Municipal Corporations, 43 C. J. § 2044; [4]Damages, 17 C. J. § 408; L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

before the accident but at time of trial was greatly emaciated; that he is 100 per cent. disabled; that he has undergone great pain and suffering; that his recovery is doubtful; and that he may go insane.

Error to Gogebic; Driscoll (George O.), J.  Submitted April 21, 1927.  (Docket No. 134.)  Decided July 29, 1927.

. Case by Frank Borski against the city of Wakefield for personal injuries.  Judgment for plaintiff, defendant brings error.  Affirmed.

*Harry K. Bay* (*Berg & Clancey*, of counsel), for appellant.

*Jones & Patek*, for appellee.

McDONALD, J.  The plaintiff received a verdict and judgment in the circuit court for the county of Gogebic, Michigan, against the defendant, in the sum of $15,254.32, on account of personal injuries received while riding as a passenger for hire in a bus owned and operated by the defendant.  The defendant is a municipal corporation, and, at the time of the accident, was operating a bus between the city and the Plymouth mine, where the plaintiff was employed as a foreman of the drill and blast gang.  Early in the morning of February 5, 1924, the plaintiff became a passenger on the bus to be conveyed to his work at the mine.  The highway over which the bus was compelled to travel was slippery with ice, and contained ruts that made the way dangerous for travel.  It is charged that the driver of the bus did not operate it carefully, considering the dangerous condition of the road; that it skidded and see-sawed from one side of the highway to the other; that he did not slacken his speed, but drove excessively and carelessly under the circumstances, as the result of which the bus left

the road and tipped over in a ditch, in consequence of which negligence the plaintiff was seriously and permanently injured. The defendant denied the negligence charged, and insisted in its defense that the plaintiff could not maintain his action because he did not file a notice of his claim against the city, as required by the provisions of its charter. At the close of the plaintiff's case and again when all of the proofs were concluded, the defendant moved for a directed verdict, which motion the court denied. After verdict for the plaintiff, a motion for a new trial was presented, to the denial of which the defendant duly excepted. To review the judgment entered, the defendant has brought error.

The first question discussed in the briefs relates to the refusal of the court to permit the defendant to amend its plea by adding a notice of the defense of *ultra vires*. The application was not seasonably made. The summons was issued on July 8, 1924. This is the second trial of the cause. The first trial was had in December, 1924. A new trial was granted. The second trial began December 7, 1925. Before court convened on that day, counsel for the defendant made known their intention of asking for leave to amend the plea. Counsel for the plaintiff said that if such action were taken it would be necessary to continue the case over the term, and that defendant would be required to pay the costs to date. The judge delayed opening of the court in order that the parties might have time to confer. After such conference defendant's counsel announced to the court that they had decided not to ask for leave to amend. The trial was then begun. After the jury had been selected and sworn, counsel for defendant changed their minds and made formal application to amend the plea. The question is whether in denying their application there

was an abuse of the judicial discretion.   In justification of his action the court said:

"The court had been sitting for weeks hearing jury cases, was having difficulty in procuring jurors and had a large number of jury cases yet to try.   By giving the court to understand that they did not intend to apply for the amendment and were ready to proceed to trial under the pleadings as they stood, they led the court into a position where it and the jury would be forced to lay idle for a day at the expense of the county in the midst of a very heavy term.   The defense is not one which could be claimed to have been a newly-discovered one.   It is one which should have been known to defendant at the time of the filing of the original plea."

We think that the circumstances under which this application was made furnish a sufficient answer to the defendant's contention that there was an abuse of discretion in disallowing it.

The refusal to direct a verdict as requested by the defendant raises the question as to whether the court erred in holding that the failure of the plaintiff to file notice of his claim as required by the provisions of the city charter was not a condition precedent to his action for damages, and did not bar his right to recover.   The charter provisions of the city of Wakefield apply to all claims whether in tort or contract. That applicable to this action reads as follows:

"No action shall be maintained against the city on account of any injuries or damages to person or property, unless such action shall be commenced within one year from the occurrence of the injury or damage; nor unless notice shall have been given in writing to the city clerk within fifteen days of the occurrence of such injury or damage, stating the time and specific place where, and the circumstances under which the same occurred, nor unless within ninety days after the occurrence of such injury or damage a claim therefor in writing and under oath shall be filed with the clerk stating the amount claimed and the names of

the witnesses, if any, present when such injury or damages occurred."

It was the opinion of the trial court that these requirements of the city charter do not apply to this case, because the injuries to plaintiff were occasioned by the defendant's negligence while engaged in conducting the business of operating the bus line in its private capacity, and not in its governmental capacity; and that while so engaged it was governed by the same rules as apply to private individuals or corporations.

This precise question has never been considered by this court, but, in harmony with other courts, we have held that in exercising its business powers a city "is governed by the same rules which control a private individual or business corporation under like circumstances." *Andrews* v. *City of South Haven,* 187 Mich. 294 (L. R. A. 1916A, 908, Ann. Cas. 1918B, 100).

It is conceded that in operating a bus line to the Plymouth mine the city of Wakefield was not exercising any political or governmental power, but was engaged in a purely business enterprise for hire. It was merely operating a bus for commercial purposes, just as a private citizen would operate it; and it was doing so through servants and agents employed for that purpose, and not through its public officers. Our court has said that when so engaged, "it is governed by the same rules which control a private individual or business corporation under like circumstances." That is, it has the same rights, the same liability, may be sued in the same manner for injuries to persons or property caused by its negligence, and may employ the same defenses to the action as are available to private persons or business corporations. It may be presumed that this was known to the legislature, and therefore it is a reasonable inference that in enacting

the statute requiring the presentation of claims as a condition precedent to an action, the legislature did not intend that the city should have the benefit of it while engaged in a strictly private business.     Otherwise, it would be granting to one class engaged in private business privileges or immunities not possessed by others "under like circumstances."     It would be giving the city a defense not available to private persons or business corporations while engaged in the same line of business.     It would make its liability for a like injury contingent on the presentation of notice of his claim by an injured party.     When a city voluntarily goes into the same commercial business as private citizens, there is no good reason why it should be given special privileges not enjoyed by others who are compelled to meet its competition.     We do not think that this statute contemplates giving the city any such advantage.     The privilege granted in the statute is because of the public character of the work which the law requires it to perform.     No such notice was required at common law.     This is a common-law action. The statute in question is in derogation of common-law rights.     It must be strictly construed and not given a meaning that was plainly not intended by the legislature.

Our conclusion is that the statute in question applies only when the municipality is charged by law with some corporate duty, and is exercising functions of that character when the injury occurs; and that it does not apply when it is engaged in an ordinary private business enterprise for hire.     It has no application to this action, and the trial court did not err in so holding.

Cases in which this question has been considered are not numerous.     But the subject is well argued in *Henry* v. *City of Lincoln,* 93 Neb. 331 (140 N. W. 664, 50 L. R. A. [N. S.] 174), and the conclusion

reached is in harmony with our views.    See, also, *D'Amico* v. *City of Boston,* 176 Mass. 599 (58 N. E. 158).    For contrary view, see *Dickie* v. *City of Centralia,* 91 Wash. 467 (157 Pac. 1084) ; and *Western Salt Co.* v. *City of San Diego,* 181 Cal. 696 (186 Pac. 345).

It is further contended that the testimony of the plaintiff failed to establish actionable negligence on the part of the defendant.    The testimony shows that the accident happened 781 feet from a curve in the highway; that when the bus was almost around the curve the driver increased its speed, and that, at the time it left the road, it was going 15 or 18 miles an hour; that all of the time it was traveling over the 781 feet to the point of the accident it was skidding and zig-zagging across the road; and that, notwithstanding the slippery condition of the roads and the skidding of the bus, the driver did not slow down or make any attempt to stop it before he went into the ditch.    In view of these facts, it was for the jury to say whether, at the time of the accident, the driver was exercising that degree of care required of a common carrier of passengers.    We think that the court properly left the question to the jury.

It is contended that the verdict is excessive.    At the time he received his injuries, the plaintiff was 35 years of age.    He had a steady position and was earning $5.25 a day.    The testimony shows that prior to the accident he was a strong, healthy, robust man, and weighed 170 pounds; that at the time of the trial, 22 months after receiving his injuries, he weighed 136½ pounds, that he had become greatly emaciated and was so weak that he had to be carried in and out of the courtroom.    The medical testimony showed that he was 100 per cent. disabled; that as the result of the injury he had become afflicted with traumatic neurosis; that there is a probability that it might develop into

psychosis or insanity; that his recovery is doubtful; and that he has undergone great pain and suffering. In view of these facts, the verdict was not excessive.

The record shows no reversible error.

The judgment is affirmed, with costs to the plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.