ELY v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—APPRAISERS—FINDINGS—EVIDENCE.
   In action by appraiser for services rendered city engaged in condemnation of property for street widening purposes, finding of trial court, sitting without a jury, that plaintiff had performed services for which compensation was sought was not against the great weight of the evidence.

2. APPEAL AND ERROR—NONJURY CASE—FINDINGS.
   The finding of fact by a trial court, which sat without a jury, and which heard and observed all of the witnesses is not to be disturbed by the Supreme Court without apparent substantial reason for doing so appearing in the record.

3. WITNESSES—EXPERTS—FEES—CONTRACTS—STATUTES.
   Validity of agreement between corporation counsel and appraiser as to amount latter was to receive as witness fees in condemnation proceedings because of statute placing control of expert witness fees in the court before whom the witness is to appear, even if applicable to condemnation proceedings, is not determined where appraiser did not appear at the hearing (3 Comp. Laws 1929, § 14223).

4. MUNICIPAL   CORPORATIONS—CONDEMNATION   PROCEEDINGS—COR-
PORATION COUNSEL—AUTHORITY TO EMPLOY APPRAISER.

Specific authorization by a city to its corporation counsel to
institute condemnation proceedings for widening a street em-
powered the corporation counsel to employ an appraiser as a
necessary incident to the preparation of the case.

5. SAME—CORPORATION COUNSEL—AUTHORITY.

The authority to do all things reasonably necessary in the prep-
aration of condemnation proceedings follows incidentally to
authority granted by city to its corporation counsel to insti-
tute such proceedings.

6. SAME—CONDEMNATION   PROCEEDINGS—CORPORATION   COUNSEL—
APPRAISERS—CHARTERS—CONTRACTS.

Employment of an appraiser by corporation counsel to assist in
the preparation of condemnation proceedings for widening a
street, which common council had directed to be instituted, was
not invalid because of provision of city charter voiding con-
tracts not approved by the common council since the perform-
ance of appraisal work was absolutely essential to the con-
demnation proceedings (Detroit Charter, title 6, chap. 7,
§§ 2, 6).

7. LIMITATION   OF   ACTIONS—CONTRACTS—APPRAISERS—CONDEMNA-
TION PROCEEDINGS.

Claim for services by an appraiser was not barred by the statute
of limitations where services were performed in 1931, pro-
ceedings were held in abeyance by defendant and verdict was
not confirmed until 1937 and action not started until 1940
where, under agreement established, payment was not to be
made until the case had been completed (3 Comp. Laws 1929,
§ 13976, as amended by Act No. 193, Pub. Acts 1937).

8. MUNICIPAL   CORPORATIONS—PRESENTATION   OF   CLAIMS—AP-
PRAISERS.

Recovery for services by an appraiser against a municipal cor-
poration should not be denied for his failure to present claim
to the common council in the amount for which action was
brought where previously a claim in a somewhat larger amount
had been presented to, and denied by, the council and suc-
cessor corporation counsel had refused to recommend payment
of any part of the bill, a second presentation being obviously
a useless gesture.

Appeal from Wayne; Webster (Arthur), J. Submitted June 9, 1943. (Docket No. 43, Calendar No. 42,332.) Decided September 7, 1943.

Assumpsit by Howard J. Ely against the City of Detroit for services as an appraiser. Judgment for plaintiff. Defendant appeals. Affirmed.

*Voorhies, Long, Ryan & McNair* (*R. Gerveys Grylls*, of counsel), for plaintiff.

*Paul E. Krause,* Corporation Counsel, and *James R. Walsh,* Assistant Corporation Counsel, for defendant.

CHANDLER, J. On May 27, 1930, the common council of the city of Detroit, by resolution duly approved, authorized Mr. Clarence E. Wilcox, the corporation counsel of said city, to proceed with the condemnation of certain real estate located in said city between Townsend and Pennsylvania avenues in connection with the widening of Gratiot avenue.

This suit was instituted by plaintiff seeking recovery from defendant in the amount of $9,100 for services allegedly rendered by him as an appraiser of the property to be condemned. After trial, without a jury, the trial court entered a judgment in the amount of $7,000 and defendant has appealed.

Plaintiff claimed that he was employed by the corporation counsel to appraise the various parcels of real estate involved and that he did appraise some 82 parcels thereof between January 8, 1931, and September 15, 1931, for which he was to receive compensation at the rate of $50 per day for 147 days so spent. He claimed that he was also to receive $100 per day for testimony given in court.

It was his further claim that in 1935 and 1936 he spent a total of 70 days in making re-appraisals of the property for which he should be compensated at the rate of $25 per day, which work was necessary to bring his original appraisals up to date as the suit had been held in abeyance since 1931. He testified that he was first told to stop work on the re-appraisal in April of 1936, although this testimony was disputed by defendant's condemnation clerk, Mr. Walinske, who testified that he instructed plaintiff not to do any more work in November, 1935.

The condemnation verdict was not confirmed until June 29, 1937. Other appraisers were engaged by Mr. Kelly, the corporation counsel succeeding Mr. Wilcox, and plaintiff was not called as a witness in the case.

According to the claim of plaintiff, it was understood that the appraisers engaged on the project were not to be paid for their services until the condemnation proceedings had been concluded in court. Plaintiff presented a bill claiming a total of $9,900 to be due and payment thereof was refused because it was asserted that he had not performed the services stated therein. Subsequently, a petition for payment of this amount was submitted to the common council and denied after hearing. In connection therewith, it was questioned as to whether plaintiff had actually spent the time he claimed to have worked in making the appraisals. Plaintiff claims that subsequent to denial of his petition by the council, the bill was reduced to $9,100 in an effort to agree upon an amount and because he had determined that he had not actually worked on certain of the days included in the original statement.

Defendant city devotes much of its brief to an argument of facts, dealing with inconsistencies and contradictions appearing in the testimony, and mat-

ters bearing upon the credibility of plaintiff, in an attempt to demonstrate that he performed no services and did none of the work he claimed to have performed. A lengthy discussion of this question would be of no benefit to the profession. Our examination of the record reveals that there was sufficient evidence to support the finding of the trial court and that the finding rendered was not contrary to the great weight of the evidence. The trial court heard and observed all of the witnesses and there is no apparent substantial reason as to why his finding of fact on this issue should be disturbed.

Plaintiff claimed the agreement was that he was to be paid $50 per day for work done in making the original appraisals and $100 per day for testimony given at the condemnation hearing. Some claim is made by defendant that the agreement was invalid because it violated the provisions of 3 Comp. Laws 1929, § 14223 (Stat. Ann. § 27.918). Assuming the cited statute to be applicable to a condemnation proceeding, the point is of no importance because plaintiff gave no testimony at the hearing.

Defendant further contends that the agreement under which plaintiff allegedly performed the services was invalid because the hiring by the corporation counsel was not approved by the common council of the city. Subject to exceptions, the charter provides that the council shall approve all contracts to which the city or any board or commission is a party. Title 6, chap. 7, provides:

"SEC. 2. No contract shall be let or entered into for the construction of any public work, or for any work to be done, or for the purchasing or furnishing of supplies for said city not herein provided for, and no such public work, performance, purchasing or supplying shall be commenced until approved by the common council, and until the contract therefor has

been duly approved and confirmed by the common council, and a tax or assessment levied to defray the cost and expense of the same, and no such work, supplies and materials shall be paid for or contracted to be paid for, except out of the proceeds of the tax or the assessment thus levied.   *   *   *

"SEC. 6. All contracts hereafter made or entered into contrary to or not authorized by the provisions of this charter, shall be void."

The corporation counsel was authorized by the council to proceed with the condemnation of the land in question. In discussing the authority of the corporation counsel to employ plaintiff without first securing the approval of the council, the trial court in his opinion said:

"For this purpose he was authorized, in my opinion, to employ expert witnesses, and, as a part of this employment, to agree with the experts regarding reasonable compensation for preparation for the trial."

Considerable argument is made in the brief of defendant to establish that an appraiser is not an expert witness and that plaintiff was not employed on this basis, the theory evidently being that if the work was performed under a continuous contract of employment no recovery can be had as the contract of employment was not approved by the common council.

In our opinion, no substantial difference arises whether plaintiff was employed as an expert or under what might be said to be an ordinary contract of employment. The council had authorized the corporation counsel to institute the condemnation proceedings to permit the widening of Gratiot avenue. Obviously, to prepare a case of such a nature properly, appraisals of the prop-

erty to be condemned would be necessary. Plaintiff was engaged for the particular work in the same manner and on the same basis as other appraisers had been previously engaged, including plaintiff. The performance of such work being absolutely essential to the condemnation proceedings, which had been specifically authorized, it follows, in our opinion, that the corporation counsel had the authority so to employ plaintiff as a necessary incident to the preparation of the case. Granted authority to institute the proceedings, the authority to do all things reasonably necessary in the preparation thereof followed incidentally thereto. Plaintiff was not engaged generally to do appraisal work for the defendant by the corporation counsel, although he apparently had received several assignments which occupied a considerable portion of his time, but his assignment pertained to a specified legal proceeding. We hold that the employment was not invalid because of the charter provision above quoted.

Defendant cites and relies upon *Stratton* v. *City of Detroit,* 246 Mich. 139, which is distinguishable in that the contract made by the board of health involved therein, under which plaintiffs sought recovery, exceeded the authority conferred upon said board by the council. Here, that point is not present as the corporation counsel had been specifically authorized to institute condemnation proceedings and he attempted to do no more.

Defendant contends that plaintiff's claim for services rendered in 1931 is barred by the statute of limitations. 3 Comp. Laws 1929, § 13976, as last amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1942 Cum. Supp. § 27.605). According to the agreement es-

tablished, payment was not to be made until the case had been completed. The proceedings were held in abeyance by defendant after plaintiff had performed the services in 1931 and the verdict was not confirmed until June 29, 1937. The cause of action had then accrued and suit was started on December 9, 1940, well within the statutory period.

Defendant also contends recovery should not be allowed because the plaintiff did not present a claim to the council in the amount of $9,100 before bringing suit, citing *Moulthrop* v. *City of Detroit,* 218 Mich. 464. As before stated, a claim was presented in the amount of $9,900. After denial by the council and reference to Mr. Kelly, the then corporation counsel, certain days claimed to have been worked were deleted, thus reducing the bill to $9,100. However, Mr. Kelly refused to recommend payment of any part of the bill. A reading of the record is convincing that it would have been a useless gesture to have presented the same claim again with certain days deleted as it was obvious that defendant intended to deny payment.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.