## LENNEMAN v. CITY OF LANSING

1. MUNICIPAL CORPORATIONS — NEGLIGENCE — ACTION — PRESENT-
MENT OF CLAIM.

   A city may include in its charter a provision for presentment
   of a claim to the municipality as a prerequisite to action
   against it.

2. MUNICIPAL CORPORATIONS — NEGLIGENCE — ACTION — PRESENT-
MENT OF CLAIM—TIME LIMITATION—CITY CHARTER.

   City charter requirement that persons intending to hold the
   city liable for damages for alleged negligence of the city's
   officers or employees give written notice to the city within 60
   days of the injury is void as to the time limitation because
   such a limitation conflicts with state statutes of limitation;
   however, the notice requirement is valid (CLS 1961, § 600-
   .5805; Lansing City Charter, ch 8.9).

Appeal from Ingham, Sam Street Hughes, J. Sub-
mitted Division 2 May 6, 1969, at Lansing. (Docket
No. 6,250.) Decided May 29, 1969.

Complaint by Stanley Lenneman against the city
of Lansing, a municipal corporation, for personal
injuries allegedly inflicted by defendant's employees.
Accelerated judgment for defendant. Plaintiff ap-
peals. Affirmed.

*Foster, Campbell, Lindemer & McGurrin* (*Webb
A. Smith,* of counsel), for plaintiff.

*George H. Denfield,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Municipal Corporations § 673.

BEFORE: LESINSKI, C. J., and QUINN and DAN-
HOF, JJ.

DANHOF, J.   Plaintiff alleged that on November
22, 1963, as he was picking up wood at the side of
Park Avenue in the city of Lansing a hydraulic sta-
bilizing jack on one of defendant's trucks was low-
ered onto his left foot by the negligence of defend-
ant's employees.   Said employees were engaged in
a tree-cutting and trimming operation, and had vol-
unteered to assist plaintiff in loading the logs onto
his truck.   They were not charging or receiving pe-
cuniary profit.

Chapter 8.9 of the charter of the city of Lansing
required a person intending to hold the city liable
for damages for alleged negligence of the city's offi-
cers or employees to give written notice to the city
clerk within 60 days after the injury occurred.   It
was admitted that no notice was given by or on plain-
tiff's behalf.

The trial court granted defendant's motion for
an accelerated judgment.

In *Northrup* v. *City of Jackson* (1935), 273 Mich
20, defendant-home rule city's charter provided that
all claims must be presented to the city commission
within 6 months after the cause of action arose.
Plaintiffs sued for money damages resulting from
city sewage polluting the stream on their farm, but
they had not filed a claim therefor with the city com-
mission before commencing the suit.   The Supreme
Court said:

"A charter provision for presentment of a claim
to a municipality as a prerequisite to action against
it is in harmony with the long-established policy of
our State, as is indicated by similar provisions in
old time special statutory charters, in the general
village act, 1 Comp. Laws 1929, § 1534, the fourth

class cities act, 1 Comp. Laws 1929, § 1921, and the highway law, 1 Comp. Laws 1929, § 4230. Its purpose is to give notice to the whole of the governing body of the municipality and afford all the members an opportunity to investigate and determine to allow, settle or prepare defense to claims.   *   *   * We think the charter should be given force according to its language and purpose and exceptions permitted only upon sound distinctions."

The Supreme Court distinguished the case of *Borski* v. *City of Wakefield* (1927), 239 Mich 656, where the fact that no notice was filed did not bar recovery, as follows:

"In the *Borski Case* the city was not performing a public function, governmental or proprietary, but was conducting a private business enterprise, operating a passenger bus for profit. In so doing, it was held to the same status as a private person. When population reaches a certain density, sewage systems become necessities. They are public in character and the question of their being governmental or proprietary is largely a matter of legal acrobatics. They have not the transitory character of a private business enterprise, nor afford like reason for exemption. Moreover, the confinement of the provision to strictly governmental functions, out of which few claims arise, would seriously impair the purpose of the charter provision. The exception in the *Borski Case* is logical and language in the opinion should be confined to the character of the enterprise involved."

However, the Supreme Court did hold the 6 months limitation in conflict with the statute of limitations. The Court said (273 Mich 24, 25):

"The requirement for presentation of claims within six months after the cause of action arises is one of limitations *Van Auken* v. *City of Adrian,* 135 Mich 534; *Davidson* v. *City of Muskegon,* 111 Mich 454. Such limitations have been sustained when provided

by statute. But a home rule charter may not conflict with nor contravene provisions of any general law of the State. 1 Comp. Laws 1929, § 2272. The six-months period, therefore, contravenes the general statute of limitations (3 Comp. Laws 1929, § 13976) and, in this respect, the provision must be held void.

\* \* \*

"The charter provision for presentation of claim as a condition of commencement of suit is not expressly authorized in the home rule act, but it is in accord with the long-established public policy of the State and is not prohibited by other law. The six-months limitation clause may be stricken without effect upon the remainder of the provision. The charter requirement, therefore, must stand with the limitation deleted."

On authority of the *Northrup Case, supra,* and *Doyle* v. *Kammeraad* (1945), 310 Mich 233, this Court holds that the 60-day limitation in chapter 8.9 of defendant city's charter is in conflict with the statute of limitations and must be held void, but that the requirement of notice is valid; and it being admitted by plaintiff that no notice was ever given defendant, the trial court's granting of defendant's motion for accelerated judgment was proper.

Affirmed as to result. No costs to either ·party, construction of a state statute being involved.

All concurred.