SMITH v BOARD OF COMMISSIONERS OF THE HURON-
CLINTON METROPOLITAN AUTHORITY

Opinion of the Court

1. States—Liability for Torts—Immunity—Governmental and
    Proprietary Functions.

    A state agency is immune from tort liability while engaged in a
    governmental, as opposed to a proprietary, function (MCLA
    691.1407).

2. States—Liability for Torts—Immunity—Governmental and
    Proprietary Functions—Profit Motive.

    The operation of an excursion boat in connection with a metro-
    politan park by a state agency was not primarily for the
    purpose of producing a pecuniary profit for the state despite a
    charge of 50 cents for adults and 25 cents for children because
    net losses resulting from the operation for four consecutive
    years indicated the absence of a profit motive; the operation
    was therefore a governmental function, immune from tort
    liability by statute (MCLA 691.1407, 691.1413).

Dissent by T. M. Burns, P. J.

3. States—Liability for Torts—Immunity—Governmental and
    Proprietary Functions—Profit Motive—Charging Admis-
    sion.

    *The very act by a state agency of charging admission for riding*
    *an excursion boat in a metropolitan park while entrance to the*
    *· park was otherwise free indicated that the agency was profit*
    *minded in operating the boat; the agency was therefore exercis-*
    *ing a proprietary, rather than a governmental, function and*
    *was not immune from tort liability for negligence arising from*
    *such operation (MCLA 691.1413).*

Appeal from Oakland, Robert L. Templin, J.

Reference for Points in Headnotes
[1–3] 49 Am Jur, States, Territories, and Dependencies §§ 78, 91.

Submitted Division 2 June 20, 1973, at Lansing. (Docket No. 16553.) Decided August 30, 1973.

Complaint by Bradford Smith and Karen Smith against the Board of Commissioners of the Huron-Clinton Metropolitan Authority for damages resulting from negligence. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

*Peter Dozorc (Robert H. Golden,* of counsel), for plaintiffs.

*Bernard N. Portnoy, P. C. (Frances R. Avadenka,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

McGREGOR, J. On or about June 30, 1971, plaintiff Bradford Smith fell off the gangplank of an excursion boat, the "Island Queen", while attempting to board the vessel. The ship is operated by defendant in connection with its operation of Kensington Metropolitan Park. Although admission to the park is free, defendant charged adults 50 cents and children 25 cents to ride the boat. Plaintiff had paid for the ride at the time of his injury.

Plaintiff and his wife filed their complaint on October 13, 1971, alleging negligence on the part of defendant resulting in injury to plaintiff and loss of consortium to his wife.

In reply, defendant filed a motion for accelerated and summary judgment, asserting that it was shielded from tort liability by governmental immunity under MCLA 691.1407; MSA 3.996(107). Fur-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ther, defendant asserted that, although it charged a nominal fee for these excursion rides, the operation of the sight-seeing boat was a non-proprietary function which did not alter its governmental immunity. In support of this motion, defendant filed an affidavit of the acting controller for the Huron-Clinton Metropolitan Authority, which established that the "Island Queen" had not earned a profit since the fiscal year 1966, and that the charges assessed for riding the boat were designed to afford the defendant some control over passengers and to help defray the operating costs. The acting controller further swore that yearly operating losses are covered by tax revenue received by defendant.

Having found that defendant's operation of the excursion boat was a governmental function, the trial court granted defendant's motion and plaintiffs appeal that decision.

The sole issue to be decided is whether the operation of the excursion boat was a governmental, rather than a proprietary, function.

Both parties concede that defendant is a state agency. See MCLA 119.51; MSA 5.2148(1) and *Huron-Clinton Metropolitan Authority v Boards of Supervisors of Five Counties,* 300 Mich 1; 1 NW2d 430 (1942). It is also clear that under Michigan statutory and decisional law a state agency is immune from tort liability while engaged in a governmental, as opposed to a proprietary, function. See *Daszkiewicz v Detroit Board of Education,* 301 Mich 212; 3 NW2d 71 (1942); *Manion v State Highway Commissioner,* 303 Mich 1; 5 NW2d 527 (1942); *Mead v Michigan Public Service Commission,* 303 Mich 168; 5 NW2d 740 (1942); *Richards v Birmingham School Dist,* 348 Mich 490; 83 NW2d 643 (1957); *Cody v Southfield-Lathrup*

*School Dist,* 25 Mich App 33; 181 NW2d 81 (1970); *Bofysil v Department of State Highways,* 44 Mich App 118; 205 NW2d 222 (1972); MCLA 691.1407, MSA 3.996(107).

In determining whether a function is governmental or proprietary, we must direct our attention to MCLA 691.1413; MSA 3.996(113), which reads:

"The immunity of the state shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as herein defined. *Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state,* excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the state for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965." (Emphasis added.)

In light of the statutory definition emphasized above, we need no longer search in hopeless confusion for some elusive formula to solve the governmental-proprietary-function riddle. The Legislature has provided the test and our only duty is to apply it, irrespective of our views as to its wisdom.

The problem, so refined, is whether defendant operated the "Island Queen" "primarily for the purpose of producing a pecuniary profit for the state". Considering the undisputed fact that the boat was operated during the four years immediately prior to plaintiff's injuries at a deficit, the only possible conclusion is that it was not for the purpose of profit. Although a net loss resulting from the operations in one fiscal year might not warrant a finding that the profit motive is absent, such losses in four consecutive years certainly indicate the absence of such a motive.

Considering both the statutory definition and the four-year deficit, it was not reversible error for the trial court to conclude that defendant's operation of the "Island Queen" was a governmental function, immune from tort liability under MCLA 691.1407; MSA 3.996(107).

Affirmed.

VAN VALKENBURG, J., concurred.

T. M. BURNS, P. J. *(dissenting)*. I do not concur with the opinion expressed by the majority. To my mind it is clear that the very act of charging admission for riding the excursion boat while entrance to the park was otherwise free indicates that the commission was profit minded in operating the boat. Certainly the price of a ticket was not set to intentionally incur a loss. Although it is claimed that the charges assessed for riding the boat were designed to afford the defendant some control over passengers, the same degree of control could have been achieved by a gratis distribution of the tickets. Had the commission not been profit minded, no admission would need to have been charged at all.

More importantly, however, the majority, in determining the question of the defendant's liability by relying exclusively upon whether a pecuniary profit was made in operating the excursion boat, place prospective injured plaintiffs at the mercy of a governmental agency's management skills and business practices. For example, in *Matthews v City of Detroit,* 291 Mich 161, 167–168; 289 NW 115, 118 (1939), a plaintiff visited the Detroit Zoological Park. The city operated a miniature railroad within the park to transport visitors to various points of interest. As here, there was no charge for admission to the park, but fare on the

railroad was five cents. The park was maintained at the city's expense; however, the operation of the railroad was profitable, though offset by the greater expense of maintaining the park. Plaintiff paid the five-cent fare and was transported via the railroad to an exhibit on the grounds. While attempting to step off the car, however, the engine jerked and plaintiff was tossed to the platform and injured. Plaintiff brought suit against the city and recovered a jury verdict. The City of Detroit appealed alleging *inter alia* the defense of governmental immunity. In rejecting this argument and affirming the plaintiff's verdict, the Court stated:

"It is our conclusion that while the city of Detroit was maintaining the zoological park in its purely governmental capacity, nevertheless in its operation of the miniature railroad, with a resultant profit therefrom, it was exercising a proprietary function; and was liable for negligence arising from such operation."

To grant relief in one case and deny it in the case at bar merely upon the happenstance a profit was turned by a governmental agency is both illogical and unconscionable. I can perceive of no sound reason why plaintiffs should not have their day in court.

Therefore I vote to reverse and remand the case for a trial on the merits.