**BANK ONE TRUST COMPANY, N.A., Executor of the Estate of Albert Valko, Deceased, Plaintiff,**

v.

**COUNTY OF IOSCO and the Iosco County Board of Commissioners, Defendants.**

Civ. No. 82–10238.

United States District Court, E.D. Michigan, N.D.

Feb. 2, 1984.

Jason A. Blue, Wolske & Blue, Columbus, Ohio, for plaintiff.

Keith J. Lerminiaux, Thomas M. Peters, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff brought this diversity action claiming that defendants were negligent in failing to properly light the approach and runway areas of the Iosco County Airport (airport), and that their negligence was a proximate cause of the plane crash that claimed Albert Valko's life. This matter is presently before the Court on defendants' motion for summary judgment.

On August 27, 1980, at approximately 2:30 a.m., a twin-engined Piper aircraft departed Columbus, Ohio, for the purpose of transporting the decedent and three other individuals to northern Michigan for a fishing trip. After stopping in Utica, Michigan, to pick up the final passenger, the aircraft headed for its destination at the Iosco County Airport. At approximately 4:01 a.m., with a professional pilot at the controls, the ill-fated craft began its approach to the airport. At approximately 4:18 a.m., the pilot, now experiencing very limited visibility due to a lingering fog, advised Approach Control that he had missed the approach, i.e., he did not visually sight the airport. He was then cleared to climb to 3,500 feet and repeat his approach. During his climb and return to

approach position, the pilot indicated that the problem was that the passengers' ground transportation was waiting for them at the Iosco County Airport. The pilot then advised Approach Control, "Okay, we'll give it one more try." While maneuvering for his final approach the pilot was again given the weather conditions, and at 4:33:10 was advised that his descent on approach had now taken him below radar service. At 4:33:20 the pilot acknowledged the termination of radar service. There were no further communications.

While continuing its descent, the aircraft apparently struck the top of a stand of trees, flipped over and crashed. Due to the fog, search efforts were delayed until late morning. The wreckage was located approximately 1.25 miles from the end of the runway. All but one of the occupants died as a result of the crash.

Defendants assert two grounds in support of their motion for summary judgment. First, defendants claim that they are immune from the tort liability claimed by plaintiff. Second, they contend that pilot error was the sole and proximate cause of the accident.

To warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147, 90 S.Ct. 1598, 1602, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (6th Cir.1976). If no genuine issue as to any material fact is established, the moving party is entitled to judgment as a matter of law. *Chavez v. Noble Drilling Co.*, 567 F.2d 287 (5th Cir. 1978); *Irwin v. U.S.*, 558 F.2d 249 (5th Cir.1977).

■ It is true, of course, that a motion for summary judgment brought by a defendant asserting more than one affirmative defense will be granted when it presents no issues of triable fact and raises at least one legally sufficient defense that would bar plaintiff's claim. 10 A Wright,

Miller & Kane *Federal Practice and Procedure* § 2734 at p. 407. In view of the Court's belief that defendants are entitled to summary judgment on the defense of governmental immunity, the Court will not address the issue of causation, which has received considerable attention in the parties' briefs.

Having reviewed the affidavits, reports, and depositions submitted by the parties, it is clear that plaintiff's claim of negligence is based on defendants' alleged failure to provide proper lighting. Plaintiff maintains that defendants should have turned the approach and runway lights on high and/or that defendants failed to install proper lighting equipment. As stated in the affidavit of plaintiff's expert witness, "this aircraft crash in question was not caused solely by pilot error, and the lighting equipment or lack thereof, at defendant airport was a contributory, direct and proximate cause of the crash."

█ In Michigan, the law relating to governmental immunity is found at M.C. L.A. § 691.1407 which provides:

Sec. 7. Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said government agency is engaged in the exercise and discharge of a governmental function.

Thus, torts committed by a governmental agency give rise to absolute immunity if they occur while the agency is engaged in a governmental function. If a plaintiff cannot bring an action within one of the statutory exceptions to governmental immunity, the action is normally barred. *Stremler v. Michigan Department of State Highways*, 58 Mich.App. 620, 228 N.W.2d 492 (1975), *Campbell v. City of Detroit*, 51 Mich.App. 34, 214 N.W.2d 337 (1973). Statutory exceptions to governmental immunity exist for injuries incurred on negligently maintained highways, in dangerous and defective public buildings, and as the result of negligently operated public vehicles. *See* M.C.L.A. §§ 691.1402, 691.1403, 691.1405, and 691.1406. It is apparent that plaintiff is not and cannot claim to be within one of the enumerated exceptions to governmental immunity. Therefore, a determination of whether defendants are entitled to governmental immunity depends on whether they fall within M.C.L.A. § 691.1407, i.e. were defendants engaged in a governmental function while maintaining the airport. The test of what constitutes a governmental function is an important one, since a governmental agency engaged in a proprietary function is not protected by immunity. *Lykins v. Peoples Community Hospital*, 355 F.Supp. 52 (E.D.Mich.1973), *Smith v. Board of Commissioners of the Huron-Clinton Metropolitan Authority*, 49 Mich. App. 280, 212 N.W.2d 32 (1973). A proprietary function is defined as "any activity which is conducted primarily for producing a pecuniary profit for the state, excluding, however, any activity normally supported by taxes or fees." M.C.L.A. § 691.1413.

█ Thus, the ultimate issue presented by this motion is whether the defendants allegedly negligent actions occurred while they were engaged in a governmental or proprietary function. This issue is generally resolved through resort to Michigan case law and the current definition of what constitutes a governmental function. *See Parker v. City of Highland Park*, 404 Mich. 183, 273 N.W.2d 413 (1978), *Weaver v. Duff-Norton Company*, 115 Mich.App. 286, 320 N.W.2d 248 (1982). However, the Michigan legislature has ostensibly resolved the issue in the context of tort actions arising from the government's operation of an airport by providing that,

the enlargement, improvement, maintenance, equipment and operation of airports, landing fields and other aeronautical facilities ... are hereby declared to be public, governmental and municipal functions, exercised for a public purpose, and matters of public necessity. M.C. L.A. § 259.132.

Applying this statute to plaintiff's claim leads the Court to conclude that defendants were performing a governmental function in maintaining and operating the Iosco County Airport. *Fulco v. Martin Tropf*, 36 Mich.App. 39, 45, 193 N.W.2d 194 (1971).

Accordingly, defendants are entitled to the protections of governmental immunity.

In arriving at this conclusion, the court is not unmindful that Michigan courts have applied a very narrow construction of the term "governmental function." *Pichette v. Manistique Public Schools*, 403 Mich. 268, 280, 269 N.W.2d 143 (1978). The Courts have primarily focused on whether the precise action allegedly giving rise to liability is "of essence to governing." Id., at 281, 269 N.W.2d 143, quoting *Thomas v. State Highway Department*, 398 Mich. 1, 21, 247 N.W.2d 530 (1976). A function has been held to be governmental if the activity it entails is uniquely associated with those activities having no common analogy in the private sector. *Pichette*, 403 Mich. at 281, 269 N.W.2d 143.

An application of these well-reasoned definitions to the present case would, quite likely, cause the Court to reach a different conclusion. However, the Michigan legislature's definition of governmental function as it relates to airports precludes the Court's consideration of these judicially recognized and traditional definitions of governmental function. When the legislature uses a term and further defines its application to a particular situation, the Court's obligation is not to second guess the wisdom of the legislature, but to apply the definition as intended. Such judicial restraint is especially noteworthy when a federal court is faced with the application of state law principles.

Accordingly, defendants' motion for summary judgment is GRANTED and plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.