## Adam W. Pattridge v. Chauncey Lott.

*Justice's Court: Judgment of nonsuit: Appeal: Statute of limitations.* Where a cause was adjourned in a justice's court, by consent of parties, before any pleadings were made, and the justice on the adjourned day refused to proceed with the cause, it was held that such refusal might be treated as a judgment of nonsuit, and that an appeal would lie therefrom.

And where such appeal was dismissed by the Circuit Court, it was further held that it must be regarded as an avoidance of the action for matter of form, and that the time for further suit ran from such dismissal.

· *Heard January 10th. Decided January 14th.*

Case made from Clinton Circuit.

This was an action on a promissory note. The defense was the statute of limitations.

Judgment was rendered for plaintiff.

The facts are stated in the opinion.

*R. Strickland*, for plaintiff.

*S. Hoyt*, for defendant.

CAMPBELL J.

Plaintiff sued upon a promissory note dated August 25th, 1857, and maturing on the 4th of March, 1864. Defendant set up in defense the statute of limitations.

PATTRIDGE v. LOTT.

Plaintiff sets up in avoidance of this that he brought suit within the six years, which was avoided and defeated for matter of form, and that the present suit was begun within a year after such avoidance. Defendant, on the other hand, claims that he did not sue within a year after his former suit was rendered nugatory.

The facts show that a suit was brought before a justice of the peace on the last day allowed by law, and, defendant being duly served, both parties appeared at the return day, when, on account of a death in plaintiff's family, the case was adjourned over for several days by consent. Upon the adjourned day, the justice refused to take any further steps whatever, or to call on the case, alleging, that, inasmuch as there was no pleading before the adjournment, and it was not granted by himself for cause shown, he ceased to have jurisdiction. Plaintiff then appealed the cause to the circuit, where, after about a year, it was dismissed for want of jurisdiction, on the ground that no judgment had been rendered by the justice, from which an appeal would lie. It is now claimed by the defendant that the appeal was void, and that the year of grace ran from the time when the suit before the justice became defective.

We think there is no foundation for this pretense. The action of the justice in refusing to allow plaintiff to proceed with his case was equivalent to a judgment of nonsuit, and must be so regarded. It was entirely unjustifiable, as a continuance by consent under the circumstances meant a continuance of the cause in its then condition, and the parties consenting. could not afterwards revoke such consent. Such consent is clearly sufficient cause within the statute, and the justice could not disregard it. The fact that nothing was said expressly about postponing the time for pleading amounts to nothing, as the continuance must necessarily leave it *in statu quo*, without some agreement to the contrary.

The case was, therefore, regularly in court on the adjourned day, and the refusal of the justice to proceed was a plain denial of right.

The action of the justice being in effect a nonsuit, the appeal was regular and ought not to have been dismissed. Its dismissal must be regarded as an avoidance of the action for matter of form, and the time for further suit ran from such dismissal.

The action, therefore, is properly brought, and the judgment of the Circuit Court in favor of plaintiff must be affirmed, with costs.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN Ch. J. did not sit.