### NORTHRUP *v.* CITY OF JACKSON.

1. MUNICIPAL CORPORATIONS—ACTIONS—PRESENTATION OF CLAIMS—ABATEMENT OF NUISANCE.

   No claim need be filed with the city commission of home rule city prior to commencement of suit against city by lower riparian owners to abate nuisance resulting from dumping raw sewage into river.

2. SAME—PRESENTATION OF CLAIMS—NOTICE TO GOVERNING BODY.

   Home rule city charter provision requiring presentation of claim to governing body as a condition precedent to action in tort or contract against it is in harmony with State policy since its purpose is to give notice to such body that the members may have an opportunity to investigate and determine to allow, settle or prepare defense to claim (1 Comp. Laws 1929, §§ 1534, 1921, 2228 *et seq.,* 4230).

3. SAME—DAMAGES—ABATEMENT OF NUISANCE—PRESENTATION OF
    CLAIMS.

    In suit by lower riparian owners against city to abate nuisance
    resulting from dumping raw sewage into river, damages may
    not be awarded plaintiffs incident to decree in their favor
    as to abatement where no claim for same had been presented
    to city commission prior to commencement of suit (1 Comp.
    Laws 1929, § 2228 *et seq.*).

4. SAME—CONSTRUCTION OF CHARTERS.

    Municipal charter should be given force according to its language
    and purpose and exceptions permitted only upon sound distinc-
    tions (1 Comp. Laws 1929, § 2228 *et seq.*).

5. SAME—RIPARIAN RIGHTS—SEWAGE SYSTEM—DAMAGES—PRESEN-
    TATION OF CLAIMS.

    Sewage system of a home rule city *held*, not such a private or
    proprietary project as not to require presentation of claim
    for damages to city commission prior to commencement of
    suit therefor by lower riparian owners against city (1 Comp.
    Laws 1929, § 2228 *et seq.*).

6. SAME — LIMITATION OF ACTIONS — PRESENTATION OF CLAIMS.—
    CHARTERS—STATUTE.

    Home rule charter provision requiring that all tort or contract
    claims be presented to city commission within six months
    after cause of action arose *held*, in conflict with general stat-
    ute of limitations, hence void in so far as time limit is con-
    cerned (Comp. Laws 1929, §§ 2272, 13976).

7. SAME—CHARTERS—EXTRA-TERRITORIAL EFFECT.

    In suit by lower riparian owners against city to abate nuisance
    and recover damages resulting from dumping raw sewage
    into river, home rule charter provision requiring presentation
    of tort claims to city commission as condition precedent to
    commencement of suit for damages therefor *held*, applicable
    notwithstanding property injured was 10 or 12 miles from
    city (Const. of 1908, art. 8, § 21; 1 Comp. Laws 1929, §§ 2240,
    subd. (3), 2260).

Appeal from Jackson; Parker (James S.), J., pre-
siding.  Submitted April 4, 1935.  (Docket No. 67,
Calendar No. 38,303.)  Decided October 11, 1935.

Bill by Edwin E. Northrup and Annie J. Northrup
against City of Jackson, a municipal corporation, to
abate a nuisance and for damages resulting from
dumping raw sewage into the Grand river.  Decree

for plaintiffs. Defendant appeals. Modified and affirmed.

*Maxwell F. Badgley* and *Robert L. Drake,* for plaintiffs.

*Burney E. Brower,* for defendant.

*Bert V. Nunneley* and *John H. Nunneley, amici curiæ.*

Fead, J. Under its former charter, Act No. 353, Local Acts 1895, and its present charter adopted under the home rule act, 1 Comp. Laws 1929, § 2228 *et seq.,* the city of Jackson had and has authority to establish sewers and improve Grand River, a natural watercourse, for a certain distance beyond the city limits. For many years the city has emptied its raw sewage into Grand River.

Plaintiffs live on their farm some 12 miles north of the city. Grand River bounds the farm on the north. They claim that increasingly for 10 years, and particularly since 1930, city sewage has polluted the stream at their farm and constituted a nuisance. Plaintiffs filed this bill to enjoin the city from maintaining the nuisance and also prayed money damages. Plaintiffs had decree for abatement. Defendant does not complain of that part of the decree, because it is constructing a sewage disposal plant. The court, however, awarded plaintiffs money damages of $750, confined to the three-year period of limitation, and defendant attacks such award.

The court had some misgivings as to the propriety of an award of money damages for the reason that plaintiffs had not filed a claim therefor with the city commission before commencing this suit. The city charter provides:

''The city commission shall audit, pass upon, and allow or reject all accounts and claims against the

city. * * * Every claim for tort shall so far as possible state in detail the time, place and cause of alleged injury and shall be made under oath. All claims, whether arising out of contract or tort, shall be presented to the city commission for consideration within six months after the cause of action in every case has arisen. It shall be a sufficient defense to any action for the collection of and demand or claim against the city, that it has not been presented to the city commission for allowance as hereinbefore provided.''

Counsel agree that no claim needed to be filed in connection with the abatement phase of the case. As to the necessity of presenting claim for money damages before suit, plaintiffs attack the charter provision from several angles.

1. That it does not apply to damages allowed in equity as incidental to abatement, nor to a claim for continuing damages.

The courts are in conflict upon this point. 52 A. L. R. 639, note. They divide upon the construction of statute or charter, sometimes along the line of the policy of the State. A charter provision for presentment of a claim to a municipality as a prerequisite to action against it is in harmony with the long-established policy of our State, as is indicated by similar provisions in old time special statutory charters, in the general village act, 1 Comp. Laws 1929, § 1534, the fourth class cities act, 1 Comp. Laws 1929, § 1921, and the highway law, 1 Comp. Laws 1929, § 4230. Its purpose is to give notice to the whole of the governing body of the municipality and afford all the members an opportunity to investigate and determine to allow, settle or prepare defense to claims. It seems particularly applicable to claims of the character at bar, because the nuisance developed gradually and only plaintiffs knew when the condition had become so obnoxious to them as to suggest the question of money damages. The char-

ter provision is general, covering claims arising out of both contract and tort, and thus avoids the rule that enumeration of specific items impliedly excludes others not enumerated. We see no reason for emasculating the charter by construction in order to exempt a claim peculiarly within its purpose because plaintiffs made an election to ask damages in equity instead of suing at law. Had damages been awarded in lieu of abatement, or had there been no prayer for damages but the court had allowed them in the exercise of its plenary equitable powers, a different question would be presented. We think the charter should be given force according to its language and purpose and exceptions permitted only upon sound distinctions. See *City of Detroit* v. *Michigan Paving Co.*, 38 Mich. 358; *Mead* v. *City of Lansing*, 56 Mich. 601; *Springer* v. *City of Detroit*, 102 Mich. 300.

2. That no notice of claim was required because the sewage system is not a governmental function but is a private or proprietary function, citing *Borski* v. *City of Wakefield*, 239 Mich. 656.

In the *Borski Case* the city was not performing a public function, governmental or proprietary, but was conducting a private business enterprise, operating a passenger bus for profit. In so doing, it was held to the same status as a private person. When population reaches a certain density, sewage systems become necessities. They are public in character and the question of their being governmental or proprietary is largely a matter of legal acrobatics. They have not the transitory character of a private business enterprise, nor afford like reason for exemption. Moreover, the confinement of the provision to strictly governmental functions, out of which few claims arise, would seriously impair the purpose

of the charter provision. The exception in the *Borski Case* is logical and language in the opinion should be confined to the character of the enterprise involved.

3. The city of Jackson had no power under the home rule act to so provide in its charter because it is a limitation upon actions and in conflict with statute.

There is merit in this contention. The requirement for presentation of claims within six months after the cause of action arises is one of limitations. *Van Auken* v. *City of Adrian,* 135 Mich. 534; *Davidson* v. *City of Muskegon,* 111 Mich. 454. Such limitations have been sustained when provided by statute. But a home rule charter may not conflict with nor contravene provisions of any general law of the State. 1 Comp. Laws 1929, § 2272. The six-months period, therefore, contravenes the general statute of limitations (3 Comp. Laws 1929, § 13976) and, in this respect, the provision must be held void.

However, the power given municipalities to adopt charters is broad. 1 Comp. Laws 1929, § 2240, provides:

"Each city may in its charter provide:    *    *    *

"(3) For the exercise of all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be expressly enumerated or not; for any act to advance the interests of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concerns subject to the Constitution and general laws of this State."

The charter provision for presentment of claim as a condition of commencement of suit is not ex-

pressly authorized in the home rule act, but it is in accord with the long-established public policy of the State and is not prohibited by other law. The six-months limitation clause may be stricken without effect upon the remainder of the provision. The charter requirement, therefore, must stand with the limitation deleted.

4. That the provision of the charter has no extra-territorial effect but applies only to causes of action arising within the city or to its inhabitants, citing *City of Collinsville* v. *Brickey,* 115 Okla. 264 (242 Pac. 249).

The reasoning of this case does not apply because our Constitution, art. 8, § 21, and the statute, 1 Comp. Laws 1929, § 2240, subd. 3, governing home rule charters, evidently are much broader than those involved therein. Also, the case recognizes a distinction between a charter provision and a statute. In this State, when approved by the governor and properly filed, a home rule charter "shall thereupon become law" (1 Comp. Laws 1929, § 2260).

The other objections to the charter provision have not sufficient merit to require discussion. Plaintiffs' failure to file a claim with the city commission before suit was properly raised in the pleadings and at the hearing. We hold that such failure precluded judgment for damages. This renders it unnecessary to consider the other questions presented.

The decree will be amended to strike the award of damages, and otherwise be affirmed, without costs.

Potter, C. J., and Nelson Sharpe, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.