SYKES *v.* CITY OF BATTLE CREEK.

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF CHARTERS AS ORGANIC LAW.

    A city charter is the organic law of the city and is considered as other organic acts are considered.

2. SAME—NOTICE OF INJURY AND DEFECTIVE STREET—GENERAL HIGHWAY LAW.

    Duly adopted provision of city charter requiring that written notice of claim of injury claimed to have been caused by defective condition of sidewalk, crosswalk, street, bridge, alley, court or park or any place in which the city or in any work in which the city should be engaged be given within 60 days from date of injury as a condition precedent of action therefor against city *held,* to have become the ''law'' as such term is used in general highway law relative to service of notice of injury and defect (1 Comp. Laws 1929, § 2228 *et seq.,* § 4230; Battle Creek Charter, chap. 39).

3. SAME—NOTICE OF CLAIM FOR INJURY BECAUSE OF DEFECTIVE HIGHWAY—CHARTERS—STATUTES.

    Notwithstanding city charter provision requiring that notice of injury and claimed defective condition of highway or sidewalk be given within 60 days from date of injury as a condition precedent to action against the city may have been inconsistent with general statute of limitations in force at time charter was adopted, such fact is of no avail to plaintiff who failed to give notice required by charter where injury occurred after enactment of general highway law, designed to make uniform both the procedure for giving notice and liability of cities throughout the State for highway defects, and expressly requiring service of like notice within same time (1 Comp. Laws 1929, § 4230; Battle Creek Charter, chap. 39).

4. APPEAL AND ERROR—BRIEFS—ABANDONMENT OF QUESTIONS INVOLVED.

    Questions involved in action against city for personal injuries alleged to have been caused by defective highway which have not been briefed by appellant are deemed abandoned.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted May 12, 1939. (Docket No. 120, Calendar No. 40,626.) Decided June 5, 1939.

Case by Josephine Sykes against the City of Battle Creek, a municipal corporation, for damages for personal injuries sustained when stepping off a curb. Judgment for defendant. Plaintiff appeals. Affirmed.

*Ronald M. Ryan,* for plaintiff.

*Walter P. North,* for defendant.

BUTZEL, C. J.    Plaintiff claims that on July 11, 1936, while stepping from a curb at the intersection of a street in Battle Creek, she caught the heel of her right shoe in an iron sewer grating and was thrown to her knees and onto her left side, fracturing her hip.    As a result she is permanently crippled and disabled.    Defendant in denying the allegations asserts not only lack of due care and caution on the part of plaintiff but that she did not file notice of claim of accident as required by chapter 39 of the charter of the city of Battle Creek.    This provides for a notice in writing within 60 days from the date of the injury claimed to have been received by reason of any defect in any sidewalk, crosswalk, street, bridge, alley, court or park or any place in the city or in any work in which the city shall be engaged. Before the jury was drawn, defendant moved for a judgment of no cause of action because of plaintiff's failure to give notice within the required time. Judgment for defendant was thereupon entered and is here appealed from.

It is plaintiff's position that the charter provision constitutes an invalid limitation on the right of a claimant to bring suit against the city for damages

allegedly caused by a defective highway condition. The charter, which was adopted in 1913 under the provisions of the home rule act (1 Comp. Laws 1929, § 2228 *et seq.* [Stat. Ann. § 5.2071 *et seq.*]), is claimed to be in conflict with the provisions of 1 Comp. Laws 1929, § 4230 (Stat. Ann. § 9.598), which are as follows:

"In the event damages are sustained by any person, either by bodily injuries or to his property, because of the defective condition of any highway, street, bridge, sidewalk, crosswalk or culvert in any city or incorporated village of this State where written notice of such injury and defect is now required by law to be served upon such village or city before recovery can be had, it will be necessary to show that such person did serve written notice upon said city or village within 60 days from the time of the happening of such injury. * * * The notice will specify the location and nature of said defect, the injury sustained, and the names of the witnesses known at the time by claimant. * * * No other or further notice shall be required. The intent and purpose of the provisions of this chapter are to make the law of liability on the part of townships, villages, and cities for injuries sustained by persons because of the defective condition of the highways and the procedure in giving notice thereof, uniform throughout the State, and to repeal all laws or acts of the legislature be the same general, local or special which are inconsistent with or contravening the provisions herein. All actions in court under this act must be brought within two years from the time said injury was sustained."

It is urged that the statute, which originally was Act No. 301, Pub. Acts 1915, did not contemplate approval of the city's charter provisions relative to the giving of notice as coming within the phrase "now required by law." A city charter is the "or-

ganic *law* of the city," and is considered as other organic acts are considered. *Hudson Motor Car Co.* v. *City of Detroit,* 282 Mich. 69, 78 (113 A. L. R. 1472). Similarly, 1 Comp. Laws 1929, § 2260 (Stat. Ann. § 5.2103), provides that after approval and filing a city charter shall "thereupon become *law.*" The charter provisions existing in 1915 in Battle Creek must be regarded as a requirement of "law" within the meaning of the above-quoted statutory language.

Plaintiff contends, however, that even if valid charter provisions are to be considered "law," this cannot be said of a charter provision which was void at the time the statute was passed. Her reasoning is that the charter provision as to notice must be taken as a limitation on actions (*Van Auken* v. *City of Adrian,* 135 Mich. 534), and as such, was in contravention of the general statutes of limitation then in force. This conflict, plaintiff argues, must then be resolved in favor of the general statute of limitations on the authority of *Northrup* v. *City of Jackson,* 273 Mich. 20. Even if the principles of that decision were otherwise applicable to this charter provision dealing with a quite different subject matter, this contention is not sound because of the express provisions of 1 Comp. Laws 1929, § 4230 (Stat. Ann. § 9.598). The intent of the statute was to make uniform both the procedure for giving notice and the liability of cities throughout the State for highway defects. To that end all inconsistent "general, local or special" acts were expressly repealed, and the notice requirement of 60 days from the happening of the injury expressly approved. The Battle Creek charter fully complied with the statute, was never invalidated, and has been followed ever since. It must be held, therefore, that plaintiff was bound to

give such notice within the period required, and for failure to do so, her recovery is barred.

Other questions involved were not briefed by appellant and are taken to have been abandoned. Judgment for defendant is affirmed, with costs.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., did not sit.