CASE *v.* BEECH LANES, INCORPORATED.

1. APPEAL AND ERROR—NONJURY CASES—PREPONDERANCE OF EVIDENCE.

   The Supreme Court does not reverse a nonjury case on a question of fact unless the evidence clearly preponderates against the finding on which the judgment was based.

2. BROKERS—COMMISSIONS—CONTRACTS—EVIDENCE.

   The burden of proof rests upon a broker who sues for commission for sale of corporate stock to establish a contract under which he was authorized to find a purchaser for the stock in question for the amount fixed by the owners or for such lesser amount as they might thereafter agree to accept and also to establish that he found a purchaser ready, willing and able to buy the stock on such terms.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SALE OF STOCK—LICENSES.

   The Supreme Court may not consider whether or not plaintiff real-estate broker's lack of license to sell corporate stock affected his right to recover commission for sale of entire stock of corporation, where no question in that regard was raised by the trial court.

4. WITNESSES—INTEGRITY VOUCHED FOR BY PARTY CALLING WITNESS.

   A party who calls a person not a party to the action as a witness, vouches for his integrity.

5. BROKERS—COMMISSIONS—CONTRACTS—EVIDENCE.

   Plaintiff broker *held,* to have failed to sustain burden of proof as to contract for commission for sale of corporate stock or that he had found a purchaser ready, willing and able to buy the stock on terms fixed by defendants or acceptable to them.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 896 *et seq.*
[2, 5] 8 Am Jur, Brokers §§ 158, 222.
[3] 3 Am Jur, Appeal and Error § 820.
[4] 58 Am Jur, Witnesses § 792.

Appeal from Wayne; FitzGerald (Frank), J. Submitted January 7, 1954. (Docket No. 27, Calendar No. 45,961.) Decided February 18, 1954.

Assumpsit by Virgil G. Case against Beech Lanes, Incorporated, a Michigan corporation, Walter Walters and Edmund F. Kalko, for commission claimed on sale of business. Judgment for plaintiff. Defendants appeal. Reversed and remanded for entry of judgment for defendants.

*Lewis Daniels* and *James M. Wienner,* for plaintiff.

*William G. Comb,* for defendants.

CARR, J. In August, 1951, the plaintiff was carrying on business as a real-estate broker in the city of Detroit, and had a license covering such operation. He specialized in the sale of bowling alleys. Defendants Walters and Kalko were at the time the owners of 80% of the stock in Beech Lanes, Inc., a corporation owning such alleys and engaged in the operation thereof. Relying on a claimed agreement with the said stockholders, plaintiff undertook to find a purchaser for the business and showed the corporate property to possible purchasers, including one Peter White. Subsequently the corporate real estate and the personal property used in the carrying on of the business were purchased by White from the corporation for the sum of $160,000.

Claiming that under his agreement he was entitled to a commission in the sum of $5,000, plaintiff brought suit in the circuit court to recover that amount. In his declaration he alleged that he was employed by defendants to find a buyer "for their stock and for the business," that he had carried out his contract, that the sale to White had come about

because of his efforts, and that he was entitled to receive the amount that defendants had agreed to pay him. The answer of the defendants denied the material allegations of the declaration, alleging further that if there was any agreement between the individual defendants and plaintiff it related to the sale of an interest in real property, that there was no promise in writing to pay plaintiff a commission, and that, in consequence, the promise to pay a commission, if made, was void. Such defense was based on CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922) which declares, among other provisions, that "Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate" shall be void unless in writing signed by the party to be charged or by some person lawfully authorized by him.

It is conceded that there was no written promise by defendants, or either of them, to pay plaintiff a commission. On the trial of the case plaintiff testified that he prepared a contract, or listing agreement, which he mailed to defendant Walters. The instrument was not returned to him, nor was it signed. Without waiting for its return, plaintiff, as he claims, undertook to find a purchaser, contacting, among others, Mr. White who subsequently purchased the property of the corporation.

On the trial of the case it was plaintiff's claim that his verbal agreement with defendants Walters and Kalko contemplated the sale of stock of the corporation, including the shares owned by them and others owned by a third party which they were to acquire. It appears that Walters and Kalko actually obtained said stock, thus becoming the owners of all shares issued by the corporation, but there is no showing as to when such transaction took place. Plaintiff testified further that Mr. White made an offer of $160,000 for all the corporate stock, which offer was submitted

to defendants but not accepted. Defendants denied that they authorized plaintiff to find a purchaser for their stock, and denied that any offer was made by White therefor. Following trial of the case before the court without a jury, judgment was entered for plaintiff for the amount claimed by him. A motion for a new trial was made and denied. Defendants have appealed, asserting that the finding of the trial court was against the great weight of the evidence, and that plaintiff failed to sustain the burden of proof resting on him.

The question in the case is one of fact and must, in consequence, be determined on the basis of the proofs. In considering the claims of the parties we are not unmindful of the general rule that in cases tried before the court without a jury, we do not reverse unless the evidence clearly preponderates against the finding on which the judgment entered is based. *Vannett* v. *Michigan Public Service Co.,* 289 Mich 212; *Hall* v. *Horak,* 329 Mich 16. However, if it appears that the evidence clearly preponderates against the conclusion of the trial judge, it becomes the duty of this Court to reverse. *Fruit Growers Package Co.* v. *Anderson,* 323 Mich 169; *C. O. Porter Machinery Co.* v. *Coleman,* 329 Mich 8.

The burden of proof rested on the plaintiff to establish a contract under which he was authorized to find a purchaser for the corporate stock in question, for the amount fixed by defendants or for such lesser amount as they might thereafter agree to accept, and also to establish that he found a purchaser ready, willing and able to buy the stock on such terms. It is conceded that if the agreement contemplated the sale of an interest in land, plaintiff is not entitled to recover. It is equally apparent that if the agreement was as he claimed, but that he did not find a purchaser for the corporate stock, the judgment in his favor should be set aside.

The testimony of the plaintiff does not indicate that, as a part of his regular business, he was engaged generally in the sale of corporate securities. He makes no claim that he was licensed as a stock salesman. However, no question in this respect was raised in the trial court, and we may not consider it here. Plaintiff stated that he had been licensed as a real-estate broker for approximately 6 years, and that he had specialized in the sale of bowling alleys, having brought about the transfer of 60 or 65 such properties during the 5-year period preceding the trial. He claimed that he first contacted defendant Walters and was told that defendants had a "place for sale." Plaintiff claimed also that, about a year previously, he had talked with the manager of defendant corporation with reference to the sale of the place, but that nothing had materialized at that time.

Throughout his testimony plaintiff repeatedly referred to the sale of the place and to the sale of the business. The conclusion is naturally suggested that such result was the main purpose sought to be accomplished by the parties. Doubtless a transfer of ownership might have been effected as a practical proposition by the sale of the corporate stock, or perhaps by sale of a controlling interest. It is of some significance, however, that plaintiff, so far as this record discloses, did not inquire with reference to the market value of the stock except as the value of the property and business might indicate, the indebtedness of the corporation, nor whether the sale of such stock to the public was authorized by law. The details of claimed conversations, relating to the stock, between plaintiff and Mr. White were not shown by testimony, although plaintiff claimed that an offer therefor in the sum of $160,000 was made.

Plaintiff's right to recover rests on the interpretation of his testimony and the force to be given to it.

Mr. White, who was called as a witness by plaintiff, testified in substance that he was interested in the purchase of the property and business but specifically denied that he made any offer for the stock. He further stated that his attorney had advised against the purchase of the stock. Counsel for appellee suggest in their brief that such statement must be construed as indicating that there was some conversation with plaintiff in contemplation of a stock purchase. We do not think that such an inference is tenable, but if it is we may not base thereon the further inference that Mr. White made a definite offer for the stock. As noted, he specifically denied that he did so. He was called by plaintiff as a witness, and hence plaintiff is in the position of having vouched for his integrity. There is nothing on this record that tends in any way to impeach his testimony other than plaintiff's contradicting statements. Defendants Walters and Kalko, testifying in their own behalf, denied the making of any agreement with plaintiff under which he was authorized to sell their stock in the corporation and to receive a commission therefor. In substance it was, and is, their claim that what they desired to do was to sell the real estate, the business, and the personal property used in connection with it, and that the sale to White after plaintiff, as they claimed, had ceased his efforts to dispose of the property, was made in accordance with their plans and intentions with reference to the transaction that they desired to effect.

Further detailed discussion of the testimony would serve no useful purpose. Under the record before us it must be said that plaintiff failed to establish a contract whereby he was to receive a commission for the sale of the stock that had been issued by the corporation. Furthermore, if we assume the making of the verbal contract claimed by him, the further conclusion follows that he did not find a purchaser ready,

willing and able to buy said stock on terms fixed by defendants, or acceptable to them. The proofs clearly preponderate against plaintiff's right to recover.

It is unnecessary to discuss other matters referred to by counsel in their briefs. An order will enter remanding the case to the trial court with directions to set aside the judgment in plaintiff's favor and to enter a judgment for defendants.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.