MARKS v. CITY OF BATTLE CREEK.

1. MUNICIPAL CORPORATIONS—LIMITATION OF ACTIONS—NOTICE OF INJURY.

Home-rule city charter provision requiring claim against city for personal injuries to be filed within 60 days after date of the injuries is void, as to proprietary functions of city, since it is in conflict with 3-year period provided by general statute of limitations (CLS 1956, § 609.13; Battle Creek Charter, ch 39, § 1).

2. SAME—AIRPORTS—PROPRIETARY FUNCTION.

A home-rule city which owned and operated an airport *held*, to be engaged in a proprietary capacity for purposes of determining appeal from order granting city's motion to dismiss action for personal injuries sustained by plaintiff while at airport.

3. SAME—ACTION—LIMITATION OF ACTIONS.

Provision of home-rule city charter that city be allowed a reasonable time before suit may be brought against it, which would have the effect of shortening the 3-year period permitted by the general statute of limitations applicable to cities in the conduct of proprietary functions *held*, invalid (CLS 1956, § 609.13; Battle Creek Charter, ch 39, § 1).

4. COSTS—PUBLIC QUESTION—HOME-RULE CITY—CLAIM FOR PERSONAL INJURIES.

No costs are allowed in action against home-rule city for personal injuries sustained by claimant at city-owned and city-operated airport, a public question being involved (CLS 1956, § 609.13; Battle Creek Charter, ch 39, § 1).

Appeal from Calhoun; Steinbacher (Harold E.), J. Submitted October 9, 1959. (Docket Nos. 54, 55,

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Municipal Corporations § 673 *et seq.*
[2] 38 Am Jur, Municipal Corporations § 572 *et seq.*

Calendar Nos. 47,639, 47,640.)   Decided November 25, 1959.

Two cases, one by Delos Marks and one by Leslie Marks, against the City of Battle Creek, a municipal corporation, and the Battle Creek Air Force Association, a voluntary association, for damages sustained at an air show.   Motion to dismiss as to City of Battle Creek granted.   Plaintiffs appeal.   Cases consolidated for appeal.   Reversed and remanded.

*Dahlem & Dahlem,* for plaintiffs.

*Jackson, Fitzgerald, Dalm & Sage (Sage & Mc-Cauley* and *Francis L. Sage,* of counsel), for defendant City of Battle Creek.

VOELKER, J.   Plaintiff-appellants Delos Marks and Leslie Marks were injured while attending an air show sponsored by one of the defendants, Battle Creek Air Force Association, at Kellogg Airport, a commercial airport owned and operated by the other defendant and appellee here, city of Battle Creek. The injuries were the result of a Michigan National Guard tank truck running over a low retainer rope, causing it to snap taut just as the plaintiffs were stepping over it.   By stipulation the 2 cases were consolidated for the proceedings had below and on appeal.

The city of Battle Creek by charter provision requires that a written notice of any tort claim be served on the city commission within 60 days after an injury or wrong shall occur.   The next following section of the charter provides in part that "It shall be a sufficient bar to any action or proceedings brought in any court for the recovery of any claim mentioned in the preceding section against said city, *   *   *   that the action or proceeding was brought

before said commission had *such reasonable time to investigate and pass upon the same.*" (Emphasis added.)

The plaintiffs did not serve notice within 60 days, although they did discuss the claim with the city's insurance carrier. There was also some discussion between plaintiffs and an assistant city attorney, who suggested that plaintiffs negotiate further with the insurance carrier. Such negotiations were carried on for some time, but were suspended by the plaintiffs pending disposition of a claim made by them against the State of Michigan and the Michigan National Guard in the court of claims. Those claims were ultimately settled, and the plaintiffs gave the State of Michigan, the Michigan National Guard, and the operator of the tanker, Richard Ford, a covenant not to sue.

Plaintiffs then apparently took no further action until July 25, 1956, one day before the running of the 3-year general statute of limitations, when they served the defendant city with a joint written notice of claim and also commenced these respective actions in the Calhoun county circuit court. Included with notice of claim was a notice that because of the running of the statute of limitations suit would be commenced, but that a reasonable time for investigation and negotiation for settlement would be allowed the city before the plaintiffs proceeded further with their legal remedies.

The defendant city then filed the following preliminary motion to dismiss in each of the 2 consolidated cases:

"(1) That the plaintiff failed to file written claim with the commission of the city of Battle Creek, within 60 days after the date of his injuries and in so doing failed to comply with section 1, chapter 39 of the charter of the city of Battle Creek, Michigan.

"(2) That the plaintiff after filing a claim in writing on the 25th day of July, 1956 failed to give the commission of the city of Battle Creek, Michigan reasonable time to investigate and pass upon the same before said plaintiff commenced his action in this court."

In ruling on the first reason for the motion, the trial judge held that the 60-day notice requirement was void because it contravened the State statute setting up a 3-year statute of limitations for such claims. In doing so he leaned on the fact that the home-rule statute, under which the defendant city is incorporated, provides that no charter provision shall conflict with or contravene the provisions of any general law of the State. That ruling was correct. See CL 1948, § 117.36 (Stat Ann 1949 Rev § 5.2116); *Knapp* v. *City of Detroit,* 295 Mich 311; *Northrup* v. *City of Jackson,* 273 Mich 20, 25.

In ruling on the second ground of appellee's motion to dismiss, however, the trial judge held that the city should have a reasonable time to investigate and settle all such claims and thereby possibly save the expense of litigation, and that filing suit one day before the expiration of the 3-year statute was manifestly not such a "reasonable time." He granted the motion, thus necessarily sustaining the validity of that portion of the charter.

From that dismissal plaintiffs have appealed, alleging that such a requirement is likewise in contravention of the same State statute allowing 3 full years in which to institute suit on a tort claim (CLS 1956, § 609.13 [Stat Ann 1957 Cum Supp § 27.605]), it being the appellants' position that such notice and the requirement of a "reasonable time" is just as much in contravention of the 3-year statute of limitations as was the 60-day notice period, that is, that it is necessarily a shortening of the period allowed by general State law for bringing such a suit.

We preface our discussion of that question by noting that in owning and operating the airport the city was apparently engaged in a proprietary function and not one which would normally be called a true governmental function. At least at this stage of the proceedings we must assume that this is so.[*] For a discussion of the merits of this question see, generally, Rhyne, Municipal Law (1957), § 22–20 and cases cited therein.

If it be true for the purpose of this appeal that the ownership and operation of the airport is a nongovernmental or proprietary function (which we of course do not finally decide), we have in effect, under the applicable Michigan law, decided this appeal. If these causes of action were against the city as a result of one of its governmental functions, the ordinance in question might possibly have been an effective shield, although we likewise do not now grapple with that question. The single narrow question before us is: can such an ordinance shield a city when it appears to be engaged in a proprietary function? We think not.

In *Borski* v. *City of Wakefield,* 239 Mich 656, the defendant city ran a bus line for profit. We there said (pp 660, 661):

"It is conceded that in operating a bus line to the Plymouth mine the city of Wakefield was not exercising any political or governmental power, but was engaged in a purely business enterprise for hire. It was merely operating a bus for commercial purposes, just as a private citizen would operate it; and it was doing so through servants and agents employed for that purpose, and not through its public officers. Our court has said that when so engaged, 'it is governed by the same rules which control a private individual or business corporation under like circum-

---

[*] Answers have not yet been filed so as to deny the allegation of proprietary ownership alleged in plaintiffs' declarations.

stances.' That is, it has the same rights, the same liability, may be sued in the same manner for injuries to persons or property caused by its negligence, and may employ the same defenses to the action as are available to private persons or business corporations. It may be presumed that this was known to the legislature, and therefore it is a reasonable inference that in enacting the statute requiring the presentation of claims as a condition precedent to an action, the legislature did not intend that the city should have the benefit of it while engaged in a strictly private business. Otherwise, it would be granting to one class engaged in private business privileges or immunities not possessed by others 'under like circumstances.' It would be giving the city a defense not available to private persons or business corporations while engaged in the same line of business. It would make its liability for a like injury contingent on the presentation of notice of his claim by an injured party. When a city voluntarily goes into the same commercial business as private citizens, there is no good reason why it should be given special privileges not enjoyed by others who are compelled to meet its competition. We do not think that this statute contemplates giving the city any such advantage. The privilege granted in the statute is because of the public character of the work which the law requires it to perform. No such notice was required at common law. This is a common-law action. The statute in question is in derogation of common-law rights. It must be strictly construed and not given a meaning that was plainly not intended by the legislature.

"Our conclusion is that the statute in question applies only when the municipality is charged by law with some corporate duty, and is exercising functions of that character when the injury occurs; and that it does not apply when it is engaged in an ordinary private business enterprise for hire. It has no ap-

plication to this action, and the trial court did not err in so holding."

The only discernible difference between that case and this is that there the charter sought to establish set periods of time in which certain things first had to be done by the claimant, whereas in the present case the required time interval is defined merely as a "reasonable time." We also note that the *Borski Case* was cited approvingly by us in the recent case of *Swanson* v. *City of Marquette,* 357 Mich 424, 432. Nothing we can discern in our holding in *Northrup* v. *City of Jackson,* 273 Mich 20 (cited in both briefs), in our opinion prevents the application of the rule of *Borski* to this case.

We think that the above-quoted discussion by Mr. Justice McDonald in *Borski* is not only enlightening on our present question but controlling. If municipalities choose to involve themselves in nongovernmental functions, in competition with private persons or corporations, we see no reason in justice or logic why they should at the same time be granted special privileges and immunities not allowed their less-favored competition. Those who would live by the sword of commerce should be prepared to die by it. To permit the city by its charter to require written notice a "reasonable time" before any suit may be brought is necessarily to shorten the injured party's statutory period, no matter how you view it. The State statute allows an injured person 3 full years to bring his tort action, not 3 years minus any unnamed "reasonable time," and any charter or ordinance provision which seeks to shorten that period by a reasonable time as a condition precedent to bringing suit is just as much in contravention of the

State statute as would be one that sought to shorten it by a day or any other fixed period.*

This very appeal points up the unfairness and illogic of the city's position. It, because of a self-enacted shield of immunity allowed only to municipal corporations, seeks to bar these suits and peremptorily avoid liability by this special defense, while its hapless codefendant, who has not been blessed with a municipal charter or armed with the power to enact self-protective charters or ordinances, must face possible liability alone. To such a situation we will not give our grace. If municipal corporations choose to enter into competition with private persons and corporations in the rugged world of business, we think they should also be prepared to take the bitter with the sweet.

Having answered the primary question presented by this appeal, discussion of the other questions presented becomes unnecessary. Perhaps needless to add, we do not pass upon the merits of plaintiffs' claims, if and when they should ever be litigated.

The order of dismissal is reversed and the causes remanded to the trial court for reinstatement and for further proceedings. No costs are allowed, a public question being involved.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in result.

---

* This opinion interprets the effect of a municipal charter only and makes no reference to general State statutes that impose certain preliminary procedural steps to the institution of civil actions against municipalities, such as CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598), for example, which imposes a requirement of written notice to the municipality within 60 days from the date of injury before suit can be started for personal injuries arising from defects in sidewalks, bridges, culverts, et cetera.