WELLS *v.* CITY OF SOUTHFIELD

MUNICIPAL CORPORATIONS—CHARTERS—LIMITATION OF ACTIONS—TAX-
ATION—SPECIAL ASSESSMENT—SEWERS.

City charter provision that no suit or action of any kind shall
be instituted or maintained for the purpose of contesting or
enjoining collection of any special assessment unless within
30 days after confirmation of the special assessment roll, written
notice is given to the council of intention to file such suit or
action, stating grounds on which it is claimed such assessment
is illegal and unless such suit or action shall be commenced
within 60 days of confirmation of the roll *held,* invalid and
not to bar suit against city to declare invalid an assessment
for the installation of the sewer (Southfield city charter, § 9.26
[c]).

Appeal from Oakland, Pratt (Phillip), J. Sub-
mitted Division 2 December 5, 1967, at Lansing.
(Docket No. 1,790.) Decided November 29, 1968.
Rehearing denied January 13, 1969.

Complaint by James E. Wells against the city
of Southfield to enjoin proposed installation of a
sewer. Accelerated judgment for the city. Plaintiff
appeals. Reversed and remanded for trial.

*James E. Wells, in propria persona.*

*James M. Ginn,* for defendant.

T. G. KAVANAGH, J. On December 7, 1964, the
assessment roll for the installation of a sewer in

REFERENCE FOR POINTS IN HEADNOTE
48 Am Jur, Special or Local Assessments §§ 242, 243.

the city of Southfield was confirmed.   The project
has been completed.   Plaintiff had brought suit in
March, 1964, to enjoin the proposed project, but the
suit was not prosecuted until after the work was
finished, when plaintiff amended his complaint to
pray that the assessment be declared invalid and
to ask for the return of the assessed installments he
had assertedly paid under protest.

The trial court granted the city's motion for ac-
celerated judgment which was based on failure to
comply with section 9.26(c) of the Southfield city
charter which reads as follows:

"No suit or action of any kind shall be instituted
or maintained for the purpose of contesting or en-
joining collection of any special assessment unless
within thirty (30) days after confirmation of the
special assessment roll, written notice is given to
the Council of intention to file such suit or action,
stating grounds on which it is claimed such assess-
ment is illegal and unless such suit or action shall
be commenced within sixty (60) days of confirmation
of the roll."

Although other questions were stated and argued
on appeal, inasmuch as the motion was based solely
on the asserted failure to comply with that charter
provision and the judgment by its terms determined
only that issue, we have addressed ourselves only
to the question of whether these charter provisions
requiring notice of intention to sue and limiting the
time for suit are valid.

For the reasons set forth in *Smuczynski* v. *City
of Warren* (1968), 14 Mich App 464, we held that
the previously mentioned provisions of section 9.26
(c) of the Southfield charter are invalid and hence
do not bar this suit.*

---

* Although not raised in plaintiff's original motion papers, this
issue was presented to the trial judge in "Plaintiff's Brief after
hearing on Accelerated Judgment Motion."

Reversed and remanded for trial, with costs to appellant.

LEVIN, J., concurred with T. G. KAVANAGH, J.

QUINN, P. J., (*dissenting*). I am unable to agree with the majority because the question of Southfield charter section 9.26(c) contravening the State statute of limitations was not raised below and it is not properly before this Court nor may it be considered by us. *Case* v. *Beech Lanes, Incorporated* (1954), 338 Mich 631.

In view of the foregoing and because I did not participate in *Smuczynski* v. *City of Warren* (1968), 14 Mich App 464, I decline further comment.

I would affirm.