SMUCZYNSKI v. CITY OF WARREN

MUNICIPAL CORPORATIONS—TAXATION—SPECIAL ASSESSMENT—CONTEST OF ASSESSMENT IN COURT—LIMITATION PERIOD—CITY CHARTER.

City charter requirement that all actions brought for the purpose of contesting or enjoining the collection of a special assessment be brought within 90 days of the confirmation of the special assessment roll or be preceded by notice filed within 60 days of confirmation stating that the party intends to bring action and giving reasons therefor *held*, invalid because it conflicts with State statutory provisions (CLS 1961, § 600.5813).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 March 4, 1968, at Detroit. Docket No. 3,469.) Decided November 29, 1968.

Complaint by Walter Smuczynski against the city of Warren, a municipal corporation, to recover cer-

REFERENCE FOR POINT IN HEADNOTE
48 Am Jur, Special and Local Assessments § 8 *et seq.*

tain taxes paid under protest and for an injunction against the collection of additional sums under a special assessment. Defendant's motion for accelerated judgment granted. Plaintiff appeals. Reversed.

*Ward, Plunkett, Cooney, Rutt & Peacock,* for plaintiff.

*Emil E. Cardamone,* City Attorney, for defendant.

T. G. KAVANAGH, P. J. The defendant city of Warren, pursuant to its charter, confirmed special assessment district No 277 for the purpose of establishing off-street parking facilities between Toepfer avenue and Nine Mile road behind certain commercial property facing on Van Dyke avenue in said city. The date of this confirmation was September 21, 1965.

A portion of the cost for installing said parking facilities was defrayed by assessing 26 lots facing Van Dyke avenue. Of these, 2 were owned by plaintiff and he was assessed $4,762 payable in 10 annual installments with interest on the unpaid balance beginning August 1, 1966.

On September 28, 1966, the plaintiff paid the bill he had received for the first installment and a few days later paid additional interest or penalty required by the city. Both payments were made under protest.

Less than 30 days after these payments plaintiff brought action against the city for recovery of the monies paid and asking for an injunction against the collection of any additional sums under the special assessment.

The city moved for accelerated judgment on the ground that plaintiff had failed to comply with the

requirements of section 10.4 of the Warren city charter and section 29 of ordinance no 6 of the city of Warren which reads as follows:

"No suit or action of any kind shall be instituted or maintained for the purpose of contesting or enjoining the collection of any special assessment, (1) unless, within sixty days after the confirmation of the special assessment roll, written notice is given to the Council of intention to file such suit or action, stating the grounds on which it is claimed such assessment is illegal, and (2) unless such suit or action shall be commenced within ninety days after confirmation of the roll."

This appeal tests the propriety of the accelerated judgment for the city entered on the motion and presents us with a problem which has been obscured by many pronouncements in a variety of contexts.

To clear up the confusion it is helpful to recall what is basically involved.

This is a suit by a property owner for return of money exacted from him by the city. May that city prescribe the time and manner of determining his claim?

We have concluded it may not without statutory authorization and on the authority of *Northrup* v. *City of Jackson* (1935), 273 Mich 20, hold that Warren's 60–90 day after confirmation provision is invalid.

The *Northrup Case* held that a requirement in a home rule city's charter that "all claims, whether arising out of contract or tort, shall be presented to the city commission for consideration within 6 months after the cause of action in every case has arisen," was valid insofar as it required presentment of claim to a municipality as a prerequisite to action against it but invalid insofar as it purported

to establish a 6 month period within which the claim was required to be presented because the 6 month provision contravened the general statute of limitations.[1]

*Northrup's* decision invalidating a municipally imposed time limit on giving notice which conflicts with an applicable state statute has been followed in later cases. See *Knapp* v. *City of Detroit* (1940), 295 Mich 311, and *Marks* v. *City of Battle Creek* (1959), 358 Mich 114.[2]

In *Haggerty* v. *City of Dearborn* (1952), 332 Mich 304, as in the present case, the assessment roll had been confirmed prior to objection and institution of action. At trial, Dearborn relied on its charter provision requiring commencement of suit within 30 days from the date of confirmation of the roll and lost. On appeal, Dearborn prevailed on the ground that defendant had failed to pay under protest and to sue within 30 days after payment, as provided for in section 53 of the general property tax law (CL 1948, § 211.53 as amended by PA 1962, No 133 [Stat Ann 1968 Cum Supp § 7.97]).

While *Haggerty's* authority has been put in question on other grounds in *Knott* v. *City of Flint* (1961), 363 Mich 483, *Haggerty's* ruling was entirely consistent with the holding in *Northrup* and the later Michigan Supreme Court cases applying the principle therein stated. *Haggerty* found for the city of Dearborn, not because the property owner had failed to comply with Dearborn's 30 day after confirmation of the assessment roll provision, but rather

---

[1] In *Marks* v. *City of Battle Creek* (1959), 358 Mich 114, doubt is cast on the validity of a charter provision requiring presentment of claim as a prerequisite to bringing action.

[2] The validity of the 60 day notice requirement found in many city charters in respect to claims arising from defective highways, streets, etc., rests on express statutory authorization of such provisions. See *Sykes* v. *City of Battle Creek* (1939), 288 Mich 660, and *Marks* v. *City of Battle Creek, supra*.

because the property owner had failed to comply with the state law provision requiring payment of special assessments as well as general property taxes under protest and commencement of action for refund within 30 days after payment.[3]

We recognize that from the city's point of view it would be desirable to establish a short statute of limitations for contesting the validity of special assessment proceedings and the spreading of a special assessment roll, so that the city can correct any defects in such proceedings before making any expenditure. However, if such authority is to be conferred, it must be expressly conferred by statute because it involves nothing less than the right to control access to the courts. If home rule cities can, as a necessary concomitant of the power to make public improvements, establish time limits for access to the courts, then it will be argued next that there is necessity in other areas as well to establish a short statute of limitations. Almost everyone who can be the object of litigation can find need and justification for short statutes of limitations. From a defendant's point of view they are most desirable. The policy question of whether they should be permitted is for the state legislature and not for the local municipality. That is the thrust of *Northrup* and *Marks*.

If, as four justices wrote in *Knott, Haggerty* should be overruled, then, although Warren's 60–90 day requirement would no longer conflict with section 53 of the general property tax law, Warren's 60–90 day requirement would still be very much in

---

[3] We have carefully considered the opinion of Mr. Justice CARR in *Knott, supra*, (which opinion was signed by three other Justices) and that Court's opinion in *Thomson v. City of Dearborn* (1957), 349 Mich 685. We are not persuaded that certain expressions therein have the effect of overruling the sound and tested principle so clearly stated in *Northrup, supra*.

conflict with RJA § 5813⁴ which sets forth a 6 year statute of limitations for personal actions not otherwise provided for.

In conclusion, it is our opinion that Warren's 60–90 day requirement is invalid as either in conflict with the requirements of the general property tax law which governed in *Haggerty* or, if *Haggerty* were to be overruled, then because in conflict with CLS 1961, § 600.5813 (Stat Ann 1962 Rev § 27A.5813).

Reversed and remanded for trial. Costs to appellant.

R. B. BURNS and FITZGERALD, JJ., concurred.

---

⁴ CLS 1961, § 600.5813 (Stat Ann 1962 Rev § 27A.5813).