REPUBLIC FRANKLIN INSURANCE COMPANY
v. CITY OF WALKER

MOORE v. CITY OF WALKER

1. MUNICIPAL CORPORATIONS—CIVIL LIABILITY—AUTOMOBILES—NEG-
LIGENCE—NOTICE OF CLAIM—LIMITATION PERIOD.

The charter of a municipal corporation may not impose a period
of limitations for the bringing of a civil action that is dif-
ferent from the limitation period provided by state statute and,
thus, a requirement in such charter that a person damaged
as a result of the negligent operation of one of the municipal
corporation's automobiles file a claim within a specified time
[60 days of the accident] with the municipal corporation as a
precondition to the commencement of a civil action against
the municipal corporation is invalid; where the notice given,
although beyond the time established by the charter provision,
substantially complied with the charter requirement, the Court
of Appeals would not decide question whether the requirement
of notice as a precondition to suit is valid.

2. MUNICIPAL CORPORATIONS—AUTOMOBILES—NEGLIGENCE—CIVIL LIA-
BILITY—DEFENSES—GOVERNMENTAL FUNCTION.

No political subdivision of the state may resist a civil action
brought to recover damages resulting from negligent operation
by one of its employees of a motor vehicle owned by the
political subdivision on the ground that it was engaged in a
governmental function (CL 1948, § 691.1405, as added by PA
1964, No 170).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 38 Am Jur, Municipal Corporations §§ 673–704.
What amounts to claim for personal injury within statute or
ordinance requiring notice as condition of municipal liability.
97 ALR 118.
Limitation period as affected by requirement of notice or presenta-
tion of claim against governmental body.  3 ALR2d 711.
Sufficiency of notice of claim against municipality as regards
description of place where accident occurred.  62 ALR2d 340.
[2] 38 Am Jur, Municipal Corporations §§ 571–667.

3. MUNICIPAL CORPORATIONS — AUTOMOBILES — NEGLIGENCE — CIVIL
LIABILITY — NOTICE OF CLAIM — CHARTER REQUIREMENT.

    Letter from plaintiff's attorney to city clerk of defendant city
    stating that plaintiff had sustained personal injuries and prop-
    erty damage in an automobile collision with one of defendant
    city's police vehicles on a certain date and stating a claim
    for compensation was in substantial compliance with defend-
    ant city's charter requirement that a claim be filed in such
    a case before a civil action was commenced even though the
    notice in question did not meet the charter requirement of
    stating the place where the accident occurred; therefore grant-
    ing of defendant's motion for accelerated judgment in the
    subsequent civil action was erroneous.

Appeal from Kent, Claude Vander Ploeg, J. Sub-
mitted Division 3 January 9, 1969, at Grand Rapids.
(Docket Nos. 5,442, 5,443.) Decided April 22, 1969.

Complaint by Republic Franklin Insurance Com-
pany, a corporation, against the city of Walker, a
municipal corporation, for damages to an automobile
owned by James Moore resulting from a collision.
Complaint by James M. Moore and Hazel D. Moore
against the city of Walker, a municipal corporation,
for damages resulting from the same automobile
collision. Defendant's motion for accelerated judg-
ment in both actions granted. Plaintiffs appeal.
Reversed and remanded.

*Alexander S. Jarosz* (*Thomas G. Vanden Bosch,* of
counsel), for plaintiffs.

*Cholette, Perkins & Buchanan* (*Sherman H. Cone,*
of counsel), for defendant.

BEFORE: LEVIN, P. J., and HOLBROOK and DAN-
HOF, JJ.

PER CURIAM. The plaintiffs James M. and Hazel
Moore commenced one action and their liability in-

surer, Republic Franklin Insurance Company, a separate action against the defendant, City of Walker, in an effort to recover for personal injuries and property damage suffered in an automobile collision alleged to have been caused by the negligent driving of an automobile owned by the city and operated by one of its employees. The city's automobile collided with an automobile owned and operated by plaintiff James M. Moore.

The city moved for accelerated judgment on the ground that the plaintiffs had not filed a written claim with the city clerk within 60 days after the date of the alleged injuries, as required by § 9.11 of the city's charter.[1]

---

[1] "Notice to City of Claim for Injuries. The city shall not be liable in damages for injury sustained by any person, either to his person or property by reason of the negligence of the city, its officers or employees, when engaged in a governmental function, or by reason of any defective highway, public work, public service improvement or facility of the city, or by reason of any obstruction, ice, snow, or other encumbrance thereon, unless, within 60 days after such injury shall have occurred, such person or his representative shall serve or cause to be served upon the clerk a notice in writing which shall set forth substantially the time and place of such injury, the manner in which it occurred, the nature of the act or defect complained of, the extent of such injury as far as the same has become known, the names and addresses of the witnesses known at the time to the claimant, and a statement that the person receiving such injury intends to hold the city liable for such damage as may have been sustained by him. No person shall bring any action against the city for any damages to person or property arising out of any of the reasons or circumstances aforesaid, unless brought within the period limited by law from the time such injury was sustained, and unless he shall have first presented to the clerk his claim in writing and under oath, setting forth particularly the nature and extent of such injury and the amount of damages claimed by reason thereof, which claim shall be presented to the commission by the clerk and the commission shall be given an opportunity to act thereon either by allowing or refusing to allow the claim or by otherwise settling the claim.

"It shall be a sufficient bar and answer in any court to any action or proceeding for the collection of any demand or claim against the city, under this section, that the notice of injury and the verified proof of claim, as in this section required, were not presented and filed within the time and in the manner as herein provided." City of Walker, Charter, § 9.11.

The trial judge entered an accelerated judgment dismissing the plaintiffs' complaints on the ground that the plaintiffs had failed to comply with the charter provision. They appeal from that judgment.

The defendant's supplemental brief, filed after oral argument in our Court, concedes on the authority of *Northrup* v. *City of Jackson* (1935), 273 Mich 20, that it may have been error to have granted the accelerated judgment on the ground that the plaintiffs failed to file a claim with the city within 60 days after the accident. But, says the city, while *Northrup* held invalid a time limitation for giving notice to a municipality of a claim against it shorter than the applicable statute of limitations prescribed by State law,[2] a charter provision requiring presentment of claim as a precondition to commencement of suit was expressly approved in *Northrup*. Thus, says the city, while the 60-day requirement appears to be invalid,[3] the city may require, consistently with the *Northrup* decision, notice of claim before the commencement of suit.[4]

---

[2] We note, as did our Court recently in *Smuczynski* v. *City of Warren* (1968), 14 Mich App 464, and the Michigan Supreme Court in *Marks* v. *City of Battle Creek* (1959), 358 Mich 114, 121, that the validity of the 60-day notice requirement found in many city charters in respect to claims arising from defective highways, streets, et cetera, rested on express statutory authorization of such provisions. See *Sykes* v. *City of Battle Creek* (1939), 288 Mich 660.

[3] In *Smuczynski* v. *City of Warren, supra,* our Court held invalid, on the authority of *Northrup,* a charter provision requiring that one objecting to a special assessment give notice of intention to file suit within 60 days after the confirmation of a special assessment roll and commence his action within 90 days after confirmation. Accord: *Wells* v. *Southfield* (1968), 14 Mich App 393.

In *Smuczynski* we noted that doubt had been cast on the validity of a charter provision requiring presentment of claim as a precondition to suit by *Marks* v. *City of Battle Creek* (1959), 358 Mich 114. As in *Smuczynski* we intimate no opinion regarding the validity of such a charter provision.

[4] We have considered the propriety of allowing the city to change its theory on appeal and to assert for the first time that the failure of the plaintiffs which bars their suits was not the failure to have given timely notice but rather to have given any notice at all. If during the period the suit was pending the statute of limitations

Although the city's automobile was apparently engaged in a governmental function at the time it collided with Moore's automobile, since the enactment of PA 1945, No 127 (CL 1948, § 691.151 [Stat Ann 1960 Rev § 9.1708(1)]) no political subdivision, including a municipal corporation, of the State may resist a civil action brought to recover damages resulting from negligent operation by one of its employees of a motor vehicle owned by the political subdivision on the ground that it was engaged in a governmental function.[5]

had expired with the result that the delay in asserting the city's new theory had deprived the plaintiffs of an opportunity which they would have had, if the defendant had asserted earlier its new theory, to give the required notice within what was left of the statutory limitational period at the time the city's responsive pleading was due, a serious question would arise as to whether the city should be allowed to change its theory after the statute of limitations had so expired. See *Strauss* v. *Douglas Aircraft Co.* (CA 2, 1968), 404 F2d 1152.

However, the statute of limitations as to plaintiffs' actions has not as yet expired. Plaintiffs' commencement of the instant actions and service of copies of the summons and complaints on the defendant city tolled the running of the statute of limitations during the pendency of these actions, including the time consumed by the appeal from the order dismissing plaintiffs' actions. See MCLA § 600.5856 (1) (Stat Ann 1962 Rev § 27A.5856).

The committee comments reprinted as an annotation to Michigan Compiled Laws Annotated and Michigan Statutes Annotated state in part:

"In the event of the dismissal, on some ground other than on the merits (as for example—lack of jurisdiction over the subject matter) of an action in which jurisdiction over the defendant is acquired, the period of time from the time of service or the acquisition of jurisdiction over the defendant until dismissal will not count as a part of the time of limitation, for during such time the statute has been tolled."

That the statute is tolled during the pendency of an appeal from an order dismissing plaintiff's complaint, see *Pattridge* v. *Lott* (1867), 15 Mich 251, and annotation: Determination of beginning of period allowed by statute for commencement of new action after failure, otherwise than on the merits, of action timely begun, 79 ALR2d 1270, 1276.

[5] The statutory provision just referred to was reenacted as part of the Revised Judicature Act, MCLA § 600.2904 (Stat Ann 1962 Rev § 27A.2904). This statutory provision was repealed by section 14 of PA 1964, No 170, which act seeks to make uniform the liability of governmental authorities for injuries to persons and property caused by negligence.

Plaintiffs argue that the legislature's purpose in enacting the 1945 act was to make the liability of political subdivisions with regard to the operation of motor vehicles the same as their liability for undertaking a proprietary function and rely on the opinions in *Borski* v. *City of Wakefield* (1927), 239 Mich 656, and *Marks* v. *City of Battle Creek* (1959), 358 Mich 114, which declared that charter provisions requiring notice as a precondition to suit were invalid as to actions based upon injuries sustained as a result of the city's exercise of a proprietary function.

The recent decision of the Michigan Supreme Court in *Meredith* v. *City of Melvindale* (1969), 381 Mich 572, makes it unnecessary for us to decide the question so posed by the plaintiffs. In that case, as here, the defendant city conceded on the authority of *Northrup* that a charter provision requiring notice of injury was invalid insofar as it required that notice be given within 60 days of the accident. The question considered and decided by the Supreme Court in *Meredith* concerned the sufficiency of the notice actually given in that case. The charter provision in that case[6] parallels that of the city of

Section 5 of the 1964 act provides that governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by an employee of the governmental agency of a motor vehicle of which the governmental agency is owner. MCLA 1969 Cum Supp § 691.1405 (Stat Ann 1969 Cum Supp § 3.996[105]).

Under the 1964 act notice within 60 days from the time the injury occurred is required to be given where the injury was sustained by reason of defects in highways or public buildings (MCLA 1969 Cum Supp § 691.1404 [Stat Ann 1968 Cum Supp § 3.996(104)]; MCLA 1969 Cum Supp § 691.1406 [Stat Ann 1968 Cum Supp § 3.996(106)]) but there is no requirement that notice be given where the injuries were caused by a motor vehicle owned by the governmental authority.

That the repeal of the 1945 act by the 1964 act did not release or relieve the city's liability incurred under the former act, see MCLA § 8.4a (Stat Ann 1961 Rev § 2.214).

[6] See *Meredith* v. *City of Melvindale* (1968), 11 Mich App 208,

Walker regarding the information required to be contained in the notice.

Two notices had been given prior to the commencement of suit in the *Meredith Case*. The first notice, from the father of the injured plaintiff, stated simply that the child was participating in a supervised program at a school playground and was injured at a time when the supervisor was not on the premises, the father stating that he did not feel that the accident would have occurred had the supervisor been on the job when it happened. The injuries were described, and request was made for an appointment to discuss the matter. The second notice, a letter from plaintiff's attorney, made reference to the accident and the nature of the injuries and stated that it was impossible to state all the witnesses to the accident other than the name of one person which was given.

The first notice did not state the names of any witnesses and neither notice was served upon the mayor or city clerk or any member of the common council as required by Melvindale's charter. Nevertheless, the Michigan Supreme Court declared in *Meredith* that the (p 581) "two notices, taken together or considered individually, constitute substantial compliance with the charter requirement of notice to defendant city."

The following notice was sent by an attorney for the plaintiffs in this case to the city of Walker:

210, 211, for text of the Melvindale charter provision. See footnote 1 for text of the Walker charter provision.

"Jarosz & Garlington
"Attorneys at Law
"Grand Rapids, Michigan
"May 10, 1966

"City of Walker
4243 Remembrance Road
Walker, Michigan
"Attn: City Clerk
"Re: JAMES MOORE & REPUBLIC FRANK-
      LIN INSURANCE CO. vs. CITY OF
      WALKER & RONALD D. VAN SWEDEN
      Automobile Accident of May 24, 1965

"Gentlemen:

"This is to advise that we represent Mr. James Moore and the Republic Franklin Insurance Company, relative to any claim they may have for damages arising out of Mr. James Moore's automobile accident with you of your police cruisers on the above captioned date.

"As a result of said collision, Mr. Moore sustained serious personal injury, which has disabled him since his involvement in this collision. In addition, his automobile, 1965 Chevrolet, was extensively damaged, for which, the Republic Franklin Insurance Company, pursuant to the terms of their policy paid $890.42 toward its repair.

"Our investigation discloses our clients' damages were sustained as a result of the negligent operation of the City's vehicle driven by Officer Ronald Van Sweden. On the basis of the liability thus established, claim is hereby made on behalf of Mr. Moore against the City of Walker in the amount of $30,-000.00. In addition, claim is made herewith on behalf of Republic Franklin Insurance Company in the amount of their subrogated interests of $890.42. We should appreciate hearing from you at your earliest convenience regarding your intention to honor said claims and we shall be guided accordingly.

"Sincerely yours,
"Alexander S. Jarosz"

We note that the notice so given the city of Walker did not state the place where the collision occurred. Under the circumstances that cannot be regarded as a fatal defect. Doubtless few of the defendant city's police cruisers were involved in collisions in the month of May, 1965, and it is most unlikely that more than one was involved in a collision on May 24, 1965. The notice stated the name of the officer operating the cruiser at the time of the accident.

We are persuaded that the notice given in this case constituted substantial compliance with Walker's charter requirements and so hold on the authority of *Meredith*.

Reversed and remanded for trial.